GEORGE F. BAILEY AND ANOTHER, EXECUTORS *vs.* THOMAS BUSSING.

Although an existing liability is a good consideration for a promise, whether express or implied, to pay money on request, yet it is not sufficient that a declaration on such a promise should merely state that there existed such a liability. It must state the facts on which it arose, and in such a manner that the court can see that there was such a liability.

The statement of the liability without the facts on which it arose, is a statement of a mere legal inference, which it is never necessary to allege in pleading, and which if alleged is never traversable.

A declaration in an action of assumpsit for a contribution, alleged that a joint judgment had been recovered against the plaintiff, the defendant and another, which the plaintiff had been compelled to pay, and that the defendant was in duty bound and liable to pay to the plaintiff one-third of the amount, and being so liable promised &c., but contained no allegation as to the cause of action upon which the judgment had been rendered. Held, that the court could not infer, as a matter of law, that the cause of action was one which imposed upon the defendant the duty to contribute, and therefore that no sufficient consideration for the promise was alleged.

Held also that the defect of the declaration was not cured by verdict.   [One judge dissenting.]

VOL. XXIX.                    1

Bailey *v.* Bussing.

A general count in assumpsit, for money paid, is the usual and most advisable form of declaring in such a case.

An executed consideration will not support any other promise than that which the law implies, namely, to pay on request.

A NEW trial having been refused in this case, (*ante*, Vol. 28, p. 455,) the superior court rendered judgment for the plaintiffs, upon which the defendant filed a motion in error and brought the record before this court for revision, assigning as error the insufficiency of the declaration. The declaration was as follows :—Then and there to answer unto, &c., executors of the last will and testament of Aaron Turner, late of, &c., deceased, in a plea of the case, whereupon the plaintiffs, as said executors, declare and say that, on &c., said Aaron Turner, then in full life, and the defendant and one Henry Whitlock, were jointly and severally indebted to Sylvanus Haight and Rachel Haight his wife, in the sum of $1,500 damages, and $130.11 costs of suit, in a certain judgment recovered by the said Sylvanus and Rachel, before the superior court holden at Fairfield, on the 2nd Tuesday of February, 1852, against the said Turner, then in full life, and the defendant and said Whitlock ; and the said Sylvanus and Rachel took out execution thereon against the said Turner, then in full life, and the defendant and said Whitlock, and put the same into the hands of Harvey Fitch, then a deputy of the sheriff of said Fairfield county, who, on &c., collected $1,350 of said debt from the said Turner, in the life-time of the said Turner ; and the plaintiffs say that it was then the proper duty of the defendant to pay to said Turner one-third of said debt and costs, amounting to the sum of $337.50, and that he, the defendant, was in law liable to pay the same to the said Turner, and being so liable, he, the defendant, in consideration thereof and of the premises, afterwards, on &c., undertook and promised the said Turner, then in his life time, to pay to him said one-third of said amount so paid by him, said Turner, and amounting to the sum of $337.50, when he, the defendant, should be thereto afterwards requested. Yet the plaintiffs say that the defendant, his said promise not regarding, has never performed the same, and has never paid said

Bailey *v.* Bussing.

sum, either to the said Turner in his life-time, or to the plaintiffs since his decease : which is to the damage of the plaintiffs as such executors, &c.

*Dutton* and *Brewster*, with whom was *Averill*, for the plaintiff in error.

1. The declaration discloses no consideration for the promise. There is no legal implication that judgment co-debtors, merely as such, and from that relation alone, must contribute, even where one co-defendant pays the whole. If the judgment was in tort, the general rule forbids it, and if in contract, partners and principal debtors have no remedy at law. But in this declaration a mere joint and several judgment is counted on, which is neither alleged to have been in an action *ex contractu,* nor to have been satisfied. On the contrary it is stated to have been a judgment in an action for damages, and the payment made appears to have lacked some $280 of its satisfaction. If the plaintiff was without personal misfeasance made co-debtor by a judgment in an action *ex delicto,* then the facts which except him from the general rule with regard to tort-feasors should have been alleged, as well as that he had paid what the defendant ought to have paid. Chitty on Cont., 524. 2 Saund. Pl. & Ev., 680. 1 Swift Dig., 414. 1 Parsons on Cont., 34. Parsons Merc. Law, 38. *Davies* v. *Humphreys,* 6 Mees. & Wels., 153. *Hunt* v. *Lane,* 9 Ind., 248. Gould Pl., ch. 4, sec. 29. *Merryweather* v. *Nixan,* 8 T. R., 186. *Job* v. *Collier,* 11 Ohio, 524. *Max* v. *Roberts,* 12 East, 89. Pothier on Ob., part 2, ch. 3, § 6. Id., part 2, ch. 6, §§ 3, 4. Without full satisfaction of the judgment it does not appear on the facts stated that the plaintiff paid more than his share, or had any claim whatever on the defendant. Mere co-debtors *in solido,* as such, are presumptively holden to each other *pro rata* and not *pro socio,* their mutual liability as between themselves being in proportion to their respective shares and interests and not to the number of the debtors. Pothier on Ob., supra. 1 Parsons on Cont., 36. *Scribner* v. *Hickok,* 4 Johns. Ch., 532.

2. The promise alleged being to pay on request, it is a fatal

defect that no request is averred.   1 Chitty Pl., 330.   *Bacon*
v. *Page*, 1 Conn., 404.   *Canfield* v. *Merrick*, 11 id., 425.
*Dale* v. *Dean*, 16 id., 579.

3. There is no allegation of notice to the defendant that the
judgment had been paid.   The facts not showing a legal duty
on the part of the defendant to pay the plaintiffs, such notice
was necessary.   Gould Pl., ch. 4, § 15.   1 Swift Dig., 698.

4. The defects of the declaration are not cured by the ver-
dict.   Gould Pl., ch. 10, §§ 20, 24.   1 Chitty Pl., 300, 681.
*Russell* v. *Slade*, 12 Conn., 455.   *Lyon* v. *Alvord*, 18 id., 66.
*Harding* v. *Cragie*, 8 Verm., 501.   *Needham* v. *McAuley*, 13
id., 68.   *Vandakin* v. *Soper*, 1 Aiken, 289.

*Hawley* and *Taylor*, for the defendants in error.

1. The declaration avers a joint and several indebtedness
and judgment for damages and costs, a payment by Turner of
more than his share, and that it was the proper duty of the
defendant to pay to Turner his, the defendant's, share of the
excess paid, and that the defendant was in law liable to pay
the same.   Here certainly is a sufficient consideration set out.
1 Parsons on Cont., 36, 37.   It is not like a case where there
is a mere averment of a liability to pay.   The judgment was
good against all the three, so that the money paid by Turner
was clearly money which the defendant was liable to pay.
But it is said that, though the defendant was originally thus
liable on that judgment, the court can not infer that he was
liable to contribute after Turner had paid it.   But since the
right to contribution exists in all but a limited class of cases,
the court will not presume this case to fall within the excep-
tion.   Even in the case of torts, the right to contribution exists
unless the party seeking the contribution has been guilty of
an intentional violation of law.   Assumpsit in general form
will lie for a contribution.   1 Saund. Pl. & Ev., 162, 3.
*Ward* v. *Henry*, 5 Conn., 595.   And in general assumpsit it
is not necessary to aver any other consideration than an exist-
ing indebtedness.

2. It was not necessary that a request should be averred.
No request need be averred that need not be proved, and it

Bailey *v.* Bussing.

was not necessary to prove it here. A request is implied in cases of compulsory payment. *Read* v. *Chelmsford,* 16 Pick., 128. Chitty on Cont., 594. The statement of such a compulsory payment is therefore a sufficient statement of a request. Nor was any notice to the defendant necessary. It was his duty to pay, and the matter was as much within his knowledge as within that of Turner. *Ward* v. *Henry,* supra. *Hawley* v. *Sage,* 15 Conn., 52. *Bushnell* v. *Church,* id., 406, 416. *Wallis* v. *Scott,* 1 Stra., 88.

3. If there are any defects in the declaration they are healed by the verdict. 1 Swift Dig., 777. *Dale* v. *Dean,* 16 Conn., 579. *Spencer* v. *Overton,* 1 Day, 183. 1 Saund., 264, note 1. 1 Chitty Pl., 324.

STORRS, C. J. The action in the case brought before us by this motion in error being founded on a simple contract, it was plainly necessary that the declaration should disclose facts from which it would appear that there was a legal consideration for the promise of the defendant which is relied on. In our opinion this declaration, for the want of any averment showing such facts, is insufficient. After stating a recovery of a judgment by Haight and his wife against the plaintiffs' testator and the defendant and H. Whitlock, and its amount, and a payment by said testator of a part thereof upon the execution issued on the judgment, it proceeds to allege that it was the proper duty of the defendant, and that he was in law liable, to pay to the said testator one-third of the amount so paid by the latter, and that, in consideration of said liability, the defendant promised to pay to him the one-third of that amount on request. It is a case, therefore, where the legal liability only of the defendant to pay is stated as the consideration of the promise on which the action is brought. There is no doubt that the existence of such a liability would constitute a good consideration for the promise declared on ; and it would be properly laid, as it is in this declaration, as a promise to pay on request, as that is the only promise which the law would imply from such a liability, or which if express it would uphold in consideration of it ; it being well settled

that an executed consideration will not support any other promise than that which the law implies, namely, to pay upon request. *Hopkins* v. *Logan*, 5 Mees. & W., 240. *Granger* v. *Collins*, 6 id., 458. *Jackson* v. *Cobbin*, 8 id., 790. *Lattimore* v. *Garrard*, 1 Excheq., 809. *Kaye* v. *Dutton*, 7 M. & G., 807. *Brown* v. *Crump*, 1 Marsh., 567. Smith on Cont., (Am. Ed.,) 112, note *a*.

But although such a liability is a good consideration for such a promise founded upon it, whether implied or express, it is not sufficient that a declaration on that promise merely states that there existed such a liability. It must state the facts on which it arose, and in such a manner that the court can see that there was in law such a liability. The statement only of its existence, without the facts on which it arose, is obviously only the statement of a legal inference, which is mere matter of law, and which is not only not necessary, but ought not to be alleged in pleading, excepting only for the purpose for which it is sometimes inserted, of conveniently or intelligibly introducing statements of fact. Steph. Pl., 354. Hence, as has been often held, allegations of duty or liability are immaterial and not traversable ; ( *Cane* v. *Chapman*, 5 A. & E., 647 ; Steph. Pl., 191 ;) and it is necessary only to state the facts on which a legal liability arises as the consideration of the promise laid in a declaration, without any formal averment of the existence of such liability. It results therefore, that if facts are not stated which are sufficient in law to show the duty or liability which is alleged as the consideration of the defendant's promise, there is an omission to state a consideration for that promise, and consequently the plaintiff fails to show, what is requisite in all declarations, a *prima facie* title to maintain his action. These principles are laid down in all the elementary treatises on pleading, and that particularly which relates to the insufficiency and immateriality of an allegation of legal duty or liability as laying the foundation of a recovery without a statement of the facts on which such duty or liability arises, is stated and illustrated with peculiar precision and clearness in *Seymour* v. *Maddox*, 5 Eng. L. & Eq., 265, the reasoning of the judges in which, although it was an

action on the case, is equally applicable to the declaration now before us. That is a most explicit decision to the point that the allegation of duty or liability is of no avail, and will not help a declaration, unless the facts necessary to raise it are stated. See *Granger* v. *Collins*, 6 Mees. & W., 458. *Lattimore* v. *Garrard*, 1 Excheq., 809. *Hopkins* v. *Logan*, 5 Mees. & W., 240. The question then arises, whether any facts are stated in this declaration which show the existence of the liability to the plaintiffs' testator on the part of the defendant which is alleged in it,—namely, to contribute towards the payment of the judgment recovered against them and Whitlock. This question can not be answered in the affirmative, unless the mere fact that a judgment was recovered against them, of itself, and without any allegation stating what the ground or cause of action was on which it was rendered, shows or imports that it was for such a cause of action that the law imposed upon the defendant the duty, as between him and the others against whom it was rendered, to contribute to its payment; for the declaration is wholly silent as to the ground of that action. But, as there are many causes of action against several persons jointly of such a nature that no contribution can be claimed between them, nor consequently on judgments rendered against them, such, for instance, as slander, assault and battery, and generally torts, it is wholly uncertain from the declaration in this case, whether the cause of action for which the judgment stated in it was recovered, was one for which those against whom it was rendered were bound to contribute or not; and it being as compatible with everything it alleges that there was not as that there was such an obligation, it can not be maintained that it avers facts which show its existence. There is therefore clearly a want of the statement of the facts necessary to show any consideration for the promise declared on, and consequently a valid promise. On examining the precedents of declarations in suits for contribution, we find that the form of them, especially in modern times, is usually that of the count in general *indebitatus assumpsit* for money paid, laid out and expended, which is, for several reasons, the most advisable form of declaring in such

cases; but where a special count is adopted, it in no case states merely the existence of a legal liability on the part of the defendant to contribute to the amount paid by the plaintiff, but invariably alleges the facts on which such liability arose.

Notwithstanding the reluctance which courts feel in arresting judgment in this late stage of a case, we are constrained to say that the defect in this declaration is not aided by the verdict. It is the case of a defective title, and not of a title defectively set forth. There is not merely an informal, loose, or even vague statement of the facts essential to a right of recovery, from which a fair and reasonable intendment might arise that they were proved on the trial, but an entire absence of those facts or any allusion whatever to them. If the allegation of the liability of the defendant to contribute to the judgment recovered against him and the plaintiffs' testator and Whitlock, could properly be considered as one of fact and not of law, it might obviate, after verdict, the want of a more full or formal statement of the facts on which such liability arose; but this is impossible without disregarding the well settled rules of pleading applicable to the statement in declarations of the facts which are the foundation of the plaintiff's right of action. *Seymour* v. *Maddox*, supra. There remains then only the bare statement of the recovery of the judgment against the parties and another person, from which it can be inferred that it was proved on the trial that the judgment was rendered for a cause of action for which the defendant was by law bound to contribute. We know of no principle, and can find no case, which authorizes us to draw such an inference or presumption from such a statement. The rule on this subject is thus clearly and precisely explained in *Jackson* v. *Pesked*, 1 M. & S., 234 :—" Where a matter is so essentially necessary to be proved, that, had it not been given in evidence, the jury would not have given such a verdict, there the want of stating that matter *in express terms*, in a declaration, *provided it contains terms sufficiently general to comprehend it in fair and reasonable intendment*, will be cured by a verdict." Mr. Stephen, on this statement of the rule, after remarking that it accords with

the rule as laid down by Mr. Serg. Williams, in 1 Saund., 228 *a*, note 1, says: "It is however only where such 'fair and reasonable intendment' can be applied, that a verdict will cure the objection ; and therefore *if a necessary allegation be altogether omitted in the pleading*, a verdict will not aid." (Steph. on Plead., 149.)　　And he cites *Jackson* v. *Pesked*, just mentioned, where the plaintiff brought an action of trespass on the case, as being entitled to the reversion of a certain yard and wall, to which the declaration stated an injury to have been committed, but omitted to allege that the reversion was, in fact, prejudiced, or to show any grievance which, in its nature, would necessarily prejudice the reversion ; and the court arrested the judgment after a verdict for the plaintiff, holding the fault to be one which the verdict did not cure.　　See also *Rushton* v. *Aspinall,* Doug., 679 ; *Spieres* v. *Parker,* 1 T. R., 141 ; *Collins* v. *Gibbs,* 2 Burr., 899 ; *Small* v. *Cole,* id., 1159 ; and *Seymour* v. *Maddox,* before cited ; in the last of which the precise fault complained of in this declaration was held not to be cured by verdict.　　In the case now before us, there is an entire omission in the declaration of the essential facts which the plaintiff claims ought to be presumed to have been proved on the trial.　　There being no allegation to let in proof of those facts, there can be no such presumption.

For these reasons the judgment complained of should be arrested.

In this opinion HINMAN and SANFORD, Js., concurred.

ELLSWORTH, J., thought, that as the promise of the defendant must be taken after verdict to be an express one, a sufficient consideration was to be found in the facts alleged, namely, the payment of a judgment against the defendant himself, one of the debtors in the judgment, to the amount of $1,350, and the defendant's subsequently ratifying that payment and agreeing to pay his proportion, one-third, to Turner, the plaintiffs' testator.　　He was further inclined to hold, that the defects of the declaration were to be regarded as defects in

the statement of the plaintiffs' title, rather than in the title itself, and that they were therefore cured by the verdict.

Judgment reversed.