WILLIAM McCUNE *vs.* NORWICH CITY GAS COMPANY.

In a suit against a gas company for shutting off the gas from the plaintiff's rooms, the plaintiff alleged in his declaration that his rooms were furnished with gas pipes and fixtures, which were connected with the main pipes of the defendants, that the defendants had for some time and until the injury alleged supplied him with gas, for which he had paid them, and that he was ready and willing to pay them for a continued supply, upon which he was dependent for the lighting of his rooms, and which he desired them to furnish, and that it became and was the duty of the defendants to continue to supply him with gas, but that they maliciously and wantonly shut off the gas and refused to supply him; by means of which he was deprived of the means of lighting his rooms with gas and put to great expense in procuring other means of lighting them. After verdict for the plaintiff, judgment was arrested on the ground of the insufficiency of the declaration.

The allegation of a duty in a declaration is of no avail unless the facts necessary to raise the duty are alleged. It is but the statement of a legal inference, which is never traversable.

And the defect is not cured by the verdict.

The allegation that the acts of the defendants were done maliciously does not help the declaration. The motive of a party for doing that which is not in itself wrongful is of no consequence.

In the absence of any contract, express or implied, and where the charter of the company contains no provision on the subject, a gas company is under no more obligation to continue to supply its customers, than the venders of any other article.

If the declaration had alleged a contract to supply the plaintiff's rooms with gas until reasonable notice, the facts alleged might have gone to the jury as evidence tending to prove such a contract.

---

---

ACTION on the case, for maliciously shutting off the gas from the plaintiff's rooms, which were furnished with gas fixtures connected with the main pipes of the defendants, and were dependent on the gas supplied by the defendants. The plaintiff obtained a verdict in the superior court, and the defendants moved in arrest of judgment for the insufficiency of the declaration, which motion was reserved for the advice of this court. The allegations of the declaration are sufficiently stated in the opinion.

*Wait* and *Crosby*, in support of the motion.

*Halsey* and *Chadwick*, contra.

SANFORD, J. This is a motion in arrest for the insufficiency of the declaration. There are two counts, but in all their material allegations they are substantially alike, and the same questions arise on both of them.

The plaintiff alleges that the defendants were a corporation, created for the purpose, and engaged in the business, of making, distributing and selling illuminating gas, and that they had laid down their main pipes in the streets and lanes of the city for the conveyance of gas to their customers; that the plaintiff's rooms had been fitted up with gas-pipes and fixtures, connected with the defendants' main pipes, and that for sometime immediately prior to the 15th November, 1858, the defendants had by means of said pipes supplied the plaintiff with gas for lighting said rooms for a certain reasonable compensation paid therefor, and that the plaintiff desired to continue to light his said rooms with gas as aforesaid, and was ready and willing to pay to the defendants a reasonable compensation for the same, and to abide by all the reasonable rules and regulations of said company, and requested the defendants to continue to supply said rooms with gas; and that it then became and was the duty of the defendants to continue to supply the plaintiff with gas for the purposes aforesaid on the conditions aforesaid; yet that the defendants, not regarding their said duty, but contriving and intending to vex and annoy the plaintiff in

the use and enjoyment of his said premises, maliciously, wantonly, and without any justifiable cause, and contrary to the mind and will of the plaintiff, refused to supply the plaintiff with gas, and shut off the same from entering the gas pipes of said rooms, &c.; by reason whereof the plaintiff has been deprived of the means of lighting said rooms with gas, and of the use and enjoyment of said gas fixtures, and has been put to great expense in providing other means of lighting said rooms, &c."

No contract for the supply of gas for any definite period is alleged to have been made by the defendants, nor indeed any contract at all. The entire foundation of the plaintiff's claim, as it is set out in this declaration, rests upon the supposed legal duty or obligation, independent of any contract, to continue the supply. But no facts are stated from which such duty or obligation arises, and the allegation of a duty or liability is of no avail, and will not help a declaration, unless the facts necessary to raise it are stated. It is but the statement of a legal inference, never traversable, and of no avail in pleading. *Bailey* v. *Bussing*, 29 Conn., 1; and authorities there cited. *Hayden* v. *Smithville Manufacturing Co.*, id., 548.

Had the defendants agreed to furnish the plaintiff with gas for any specified time, or until they should give notice of their intention to discontinue the supply, they would undoubtedly have been liable in damages for the non-performance of such contract, but the contract itself must have been set up in the declaration and the action must have been founded upon it. And perhaps too, had the plaintiff declared upon a contract by the defendants to supply him with gas until they should give him reasonable notice of their intention to discontinue such supply, the jury might have found such contract and its violation, upon proof of the facts and circumstances detailed in this declaration. But no such case is now before us, and we know of no principle upon which we could stand in holding the defendants liable upon the facts set up in this declaration.

The manufacture and sale of gas is a business which may

be prosecuted or discontinued at the will of the party engaged in it. The relations between the maker and the consumer originate in the contract between them, and their respective rights and obligations are controlled entirely by the stipulations of such contract, and as, (where no contract prohibits,) the one may refuse to take the article at his pleasure, so may the other at his pleasure refuse to supply it. We discover no reason for subjecting the maker of gas to duties or liabilities beyond those to which the manufacturers and venders of other commodities are subjected by the rules of law.

The articles of association under which the defendants are organized and exist as a corporate body, confer upon them no peculiar powers, and impose no peculiar duties or obligations, affecting the question now before us.

The allegation that the defendants cut off the supply of gas *maliciously* and *wantonly*, and *with intent to injure the plaintiff*, is of no importance in the determination of this question. Where a party has a legal right to do a particular act at pleasure, the motive which induced the doing of the act at the time in question can never affect his legal liability for the act, whatever effect such motive may have upon the quantum of damages, when his liability is fixed.

It was claimed upon the argument that the declaration, though it might have been demurrable, was cured by the verdict, because, it was said, that from the allegation that the defendants had connected their main with the plaintiff's pipes and burners and were, up to a specified time, supplying the plaintiff with gas, some agreement between the parties must be implied, and the terms of it must have been proved upon the trial, or the jury could not have found their verdict for the plaintiff. But upon this motion the question is not whether an agreement in fact existed or was proved, but whether it is set up in the declaration as the foundation of the plaintiff's right of recovery. The verdict establishes the truth of all the material allegations of fact which the declaration contains, because it must now be presumed that they were, as they might have been, proved upon the trial; but no evidence was admissible to prove facts not stated, and therefore it can not

be presumed that such facts were proved, or passed upon by the jury. The plaintiff can prove and recover upon, only the allegations in his declaration. It is true that when a fact not specifically stated in the declaration is so inseparably connected with one which is, that the latter can not be proved at all without proving the former, then a general verdict for the plaintiff demonstrates the existence of both of them, because both are necessarily involved in one and the same issue. So too if a material fact is stated in such general and indefinite terms that, if demurred to, the pleading would be adjudged bad for want of sufficient certainty, yet if, instead of demurring, the other party takes issue upon it, and the verdict is against him, the defect is cured, because the fact stated could not have been proved at all without proving at the same time those concomitant circumstances attending it, for the omission of which the pleading was demurrable. Thus, if a tender is pleaded without time or place, the plea is bad on demurrer, for the opposite party has a right to be informed by the plea when and where the tender is claimed to have been made, in order that he may prepare to meet the claim. But if, instead of demurring, he takes issue upon the plea and the verdict is against him, the plea is cured; because the tender could not have been proved at all without proving when and where it was made. But in a special count upon a simple contract, if the defendant's promise only is alleged, and there is no allegation of any consideration for such promise, no verdict would aid the omission, because the promise and the consideration for it have no necessary or natural connection, and the one may be proved without giving any evidence of the other. And yet in the case last supposed it would be the duty of the jury to give their verdict for the plaintiff, although a judgment for him thereon would be erroneous; the province of the jury being to decide whether the material allegations in the declaration are true or false, and to render their verdict accordingly.

The verdict of the jury in favor of the pleader, therefore, establishes the truth of all those material allegations of fact which the pleader makes, and nothing more. And when a fact material to the plaintiff's right of recovery is omitted

from his declaration altogether, and is not so connected with other facts which are stated that the latter can not be proved without proving the former, the verdict of the jury of course ascertains nothing in regard to such omitted fact, and can not aid the declaration.

This seems to be the logical as well as legal corrollary from the settled propositions, that no evidence is admissible to prove any fact not stated in the pleadings and involved in the issue, and that the court will never presume that illegal evidence was received upon the trial. Stephen's Pl., 167, *et seq.*; Gould's Pl., 496, *et seq.*

In the case at bar the title or right of recovery set up by the plaintiff in his declaration, is the supposed duty or obligation imposed upon the defendants by law to supply the plaintiff with gas, and the facts out of which that duty is claimed to have arisen are, that the gas pipes of the plaintiff and the defendants were united, that up to a specified time the defendants had supplied the plaintiff with gas by means of such pipes and had been paid for it, and that the plaintiff desired to continue to take the defendants' gas, and was ready and willing to pay for it as he had done before; which, as we have already said, is the statement of no title at all, for on these facts the law raises no such duty or obligation as the plaintiff claims.

We think the motion in arrest ought to prevail, and we advise accordingly.

In this opinion the other judges concurred.