## AMERICAN ELECTRIC CONST. CO. *v.* CONSUMERS' GAS CO.

(*Circuit Court, W. D. Pennsylvania.* July 15, 1891.)

1. **SALE—BREACH OF WARRANTY—THREATENED SUIT FOR INFRINGEMENT.**

    In an action for money due plaintiff on written contract for the sale and erection of an electric light plant, it is no defense that defendant had been notified that certain essential features of the plant were infringements of patents granted a third party, and claims made for damages and suits threatened for such infringement, since these facts do not constitute a breach of the plaintiff's implied warranty of title.

2. **SAME—PAROL EVIDENCE TO VARY WRITTEN CONTRACT.**

    Evidence of a verbal promise to give a bond indemnifying defendant against claims for infringement being inadmissible, failure to give such bond is no defense where it is not alleged that the written agreement was procured on the faith of such verbal promise, nor that the promise was omitted from the written contract by fraud, accident, or mistake.

3. **SAME—AVERMENT OF LEGAL CONCLUSION.**

    An averment that plaintiff has not complied with his contract, and that defendant has been put to great delay, expense, and damage, is merely a legal conclusion, and is no defense.

4. **SAME—EVASIVE STATEMENT.**

    An averment in an affidavit of defense that defendant has been sued by a third party on account of an item "which, as he understands, is a part of plaintiff's claim," is insufficient where plaintiff's statement shows a credit for such item, and the affidavit does not specifically admit or deny liability to the third party, nor state that plaintiff's statement is wrong, nor claim a further credit on account of the item.

At Law. On motion for judgment for want of sufficient affidavit of defense.

*William Scott*, for the motion.

*James Scarlet* and *W. F. McCook*, opposed.

REED, J. The plaintiff's statement of claim avers an agreement between the plaintiff and defendant for the sale and erection by the former of an electric light plant. The agreement is contained in a written proposition by the plaintiff to furnish the apparatus set up and in operation for a certain consideration, and a written acceptance by the defendant company, in which acceptance is stated, the time by which the plant is to be completed, and the manner and time of payment of consideration stated in the proposition. The plaintiff sues for the balance due it under the agreement of $7,749.25. An affidavit of defense has been filed by the defendant, and the plaintiff has moved for judgment for want of a sufficient affidavit of defense. It is not necessary to cite authority for the rule that the affidavit of defense should state specifically and at length the nature and character of the defense relied on, and should set forth such facts as will warrant the legal inference of a full and legal defense to the plaintiff's cause of action, nor of the equally well-settled rule that upon the hearing of a motion for judgment all the material averments of the affidavit must be taken as true. The affidavit avers as matter of defense that at the time of entering into the contract the plaintiff agreed with the defendant to fully indemnify and save it harmless as against any and all demands growing out of letters patent of the United States, and against any and all suits for infringement of any patents,

which might be incurred by reason of its use of the electric light plant or any of its parts, and on demand to give the defendant a good, sufficient, and satisfactory bond so to do; that a bond was tendered by the plaintiff in recognition of its obligation, which was not accepted by the defendant, as it was neither good, sufficient, nor satisfactory; that a bond has been repeatedly demanded by the defendant, but has not been given by the plaintiff. The affidavit further avers that since the construction of the plant the defendant has been served with notice of a claim for damages by the owner of a patent for a regulator, which is an essential feature of the plant, and which patent has been sustained by a circuit court of the United States; that $5,000 damages are claimed in this matter; that another patent for double carbon lamps, likewise a portion of said plant, has been sustained by a circuit court of the United States, and the defendant is liable to suit for infringement by the owners of the patent for the use of said lamps. This defense, the plaintiff contends, is insufficient: (a) Because the alleged agreement is at variance with the written agreement between the parties, and there is no allegation that it was omitted from the written agreement by fraud, accident, or mistake; (b) the affidavit does not allege any reason why the bond tendered was not good, sufficient, or satisfactory; (c) there is no allegation that the defendant has paid any money or sustained any loss by reason of the alleged infringements, and therefore the same constitute no defense.

By the original agreement for sale there arose an implied warranty on the part of the plaintiff of title to the property sold. Assuming that this included a warranty that it had the right to manufacture and sell appliances and machinery which others might claim an exclusive right by virtue of patents to manufacture and sell, what are the respective rights and obligations of the parties, as vendor and vendee, under the written agreement? This question was before the supreme court of Pennsylvania in the case of *Geist v. Stier*, 134 Pa. St. 216, 19 Atl. Rep. 505. There the maker of certain promissory notes defended upon the ground that their consideration was the purchase of a certain business, the principal value of which lay in a peculiar process of etching on glass, and that he was obliged to give up the business by reason of a written notice of a person claiming to be a patentee of said process to discontinue the use of the same, or he would "be dealt with according to law." The court said:

"Conceding the correctness of the general proposition, that a warranty of the seller's title is implied in every sale of personal property where there is no understanding to the contrary, it is not applicable to the facts of this case. At most the defendant's right to use the process was challenged and suit threatened, but no suit was brought, nor was the defendant prevented in any way from continuing to use the process. A purchaser of personal property, in full possession thereof, cannot refuse to pay for it because a third party has asserted a superior title, and threatened to bring suit for the recovery of the property or its value. The notice and threat to sue, without more, did not absolve the defendant from his liability to pay his notes."

It is true that in that case it did not appear affirmatively that the claimant had a patent, but I do not understand that that fact influenced

the court in its decision. In the case of *Krumbhaar* v. *Birch*, 83 Pa. St. 426, the court say:

"Where defense is made to the payment of the purchase money for breach of warranty of title there should be proof of eviction, or of an involuntary loss of possession. The warranty of title is part of the consideration. While the vendee holds the covenant and retains the possession he cannot withhold the purchase money. The right to detain purchase money is in the nature of an action on the covenant. A vendee who seeks to detain by virtue of a covenant of warranty of title, in the absence of fraud, is as much bound to prove an eviction as if he was a plaintiff in an action of covenant."

This was a suit for consideration for the sale of personal property. In *Wanzer* v. *Truly*, 17 How. 584, the court say:

"The rule of the courts of Mississippi, as well as of this court, is that, except in specific cases, a vendee in possession cannot, at law or in equity, contest the payment of the purchase money stipulated in a contract of sale by an alleged defect of title, but reliance must be placed on the covenants it contains."

And this seems to be the general rule. 2 Benj. Sales, pp. 829, 1151, notes. Based upon its rights under the written agreements, the affidavit of defendant discloses no defense in this respect, for it does not show a breach of the implied warranty of title.

The defendant, however, alleges that, at the time the written agreements were made, another agreement was made between the parties, whereby the defendant was to receive from the plaintiff a good, sufficient, and satisfactory bond of indemnity against demands and claims for infringement, which has not been given, although demanded by the defendant. One such bond was tendered, but was not satisfactory to the defendant, and plaintiff has failed to give such security before bringing suit. If this additional agreement is binding upon the parties, and can be shown in evidence in this case, it would defeat plaintiff's action, because it should be given or tendered before the plaintiff's right of action would be complete; and the defendant would have the right to refuse to accept the bond tendered upon the ground that it was unsatisfactory, whether such dissatisfaction was based upon reasonable grounds or not. *Campbell, etc., Co.* v. *Thorp*, 36 Fed. Rep. 414; *Seeley* v. *Welles*, 120 Pa. St. 69, 13 Atl. Rep. 736. The alleged agreement must be presumed to have been verbal, because the affidavit does not allege it to have been written, nor set forth a copy of it, if written. In my judgment such an agreement as alleged by defendant would alter and vary the terms of the written agreement sued upon, and enlarge the obligations of the plaintiff. The written agreement provided for the payment of the consideration by the defendant in a certain defined manner. When the plant was completed and turned over, the plaintiff was entitled to payment, but by the collateral agreement a new condition was imposed before it could demand and enforce payment, namely, the giving of a satisfactory bond of indemnity. The obligation of the plaintiff, implied from the sale, to warrant the title to the property sold, was enlarged by the collateral agreement into an obligation to defend and indemnify against suits for infringement, whether valid claims or otherwise, instead of the original obligation to indemnify

against valid, substantiated claims. It is well settled in the federal courts that such a verbal collateral agreement cannot be proven to vary, qualify, contradict, add to, or subtract from the absolute terms of a written instrument, in the absence of fraud, accident, or mistake, (*Brown* v. *Spofford*, 95 U. S. 474;) nor to show by parol that payment was to be made in some other way than that specified in the written instrument, (*Richardson* v. *Hardwick*, 106 U. S. 252, 1 Sup. Ct. Rep. 213; *Bast* v. *Bank*, 101 U. S. 93.) And even under the liberal rule prevailing in Pennsylvania the evidence would be inadmissible, for there is no allegation that the defendant was induced to enter into the written agreement on the faith of the verbal promises or agreements of the plaintiff. *Cullmans* v. *Lindsay*, 114 Pa. St. 166, 6 Atl. Rep. 332; *Sidney School-Furniture Co.* v. *Warsaw School-Dist.*, 130 Pa. St. 76, 18 Atl. Rep. 604. The defense upon this ground is therefore insufficient.

The affidavit further avers "that the said American Electric Construction Company, Limited, did not and has not complied with its contract; and that the said Consumers' Gas Co. has already been put to great delay and expense and damages to the amount of ten thousand dollars." This is clearly insufficient, stating conclusions, and not facts. The defendant should have specified the various matters in which it was claimed that plaintiff had failed to comply with its contract.

The affidavit further states that suit has been brought by Thomas P. Conard against the defendant in the state court to recover the sum of $1,300 "on account of a steam plant, which, as he understands, is part of the plaintiff's claim in this suit;" that said suit is now pending in the court of common pleas of Montour county; that the plaintiff in that suit founds his claim upon an alleged order from the plaintiff in this suit to the defendant to pay the said sum to Conard. Attached to the affidavit is a copy of the plaintiff's statement in the Conard case, and a copy of the order and the correspondence between Conard and the president of the defendant company. The affidavit further states that the steam plant "is part of the item, viz., 'steam and electric light plant, $9,500,' as set forth in the plaintiff's Exhibit B in the statement filed in this cause." The exhibits relating to the Conard suit do not contain a copy of the affidavit of defense filed in that case. The copy of the order, filed as an exhibit, directs the defendant, if the work done by Conard is entirely satisfactory to the defendant, to pay him $1,300, being balance in full due him, and to charge the same to the plaintiff. There are also filed as exhibits a copy of a letter from Mr. Bennett, (the president of defendant company,) signed individually, and not as an officer of the company, saying to Mr. Conard that he is satisfied with the order of the plaintiff, and, being satisfied that Conard is acting in good faith, and intends making things as they should be, will send him a check for $1,300 in a few days. Also a copy of a later letter from Mr. Bennett to Conard, saying he had intended to honor the order of the plaintiff as soon as the engine and boiler worked to his satisfaction; but now he would not pay until they work properly, and when they do he will pay in accordance with the order. The plaintiff avers this to be an insufficient defense, for

the reason that a credit is given in plaintiff's statement of $1,295, which is the true amount of said account.   The general reasons set forth by plaintiff in his motion for judgment, viz., that the affidavit of defense is evasive, and not such a specific and particular reply to the statements of plaintiff's affidavit as required by the rules of court, are also intended by the plaintiff to apply to this portion of the affidavit of defense.

Plaintiff's suit is for a balance due after allowing certain credits.   Its total claim was $14,217.85, from which it deducts certain payments made by defendant on account, certain overcharges, value of articles returned, and an item designated as "a/c Conrad, $1,295," leaving a balance due of $7,749.25.   The counsel for defendant has displayed great ingenuity in their effort to use the order to Conard as a defense in this case, without admitting a liability which would be disastrous to the defense in the Conard suits.   But in my judgment the averments in the affidavit in this matter do not constitute a defense.   It is perhaps doubtful under the authorities whether there was such an acceptance by defendant of the order to pay to Conard a portion of the debt it owed plaintiff as to bind it and make the assignment of the part of the debt valid.   *Mandeville* v. *Welch*, 5 Wheat. 277; *Jermyn* v. *Moffitt*, 75 Pa. St. 399.   The defendant disputes the validity of the assignment to Conard, saying in this case: "The validity of which assignment is in suit and undetermined."   It is unnecessary to consider this phase of the case, however, because the affidavit does not specifically deny the liability of the defendant for the amount of plaintiff's claim, or claim a further credit or deduction for the amount of the Conard order; nor does it set forth specifically and with certainty such facts as would be a defense.   It is apparent that the item of credit in plaintiff's statement, "a/c Conrad, $1,295.00," refers to this matter, and that Conard and Conrad are one and the same, the difference in names being an easily understood clerical error.   The affidavit carefully avoids the usual statement in such cases, that plaintiff's statement of account is wrong, and that defendant is entitled to a further credit on account of the Conard order, which could so easily have been made if the item in plaintiff's statement referred to a different credit.   As against plaintiff's specific statement that defendant is entitled to credits aggregating a certain amount, leaving a certain ascertained balance due plaintiff, the defendant's statement of the Conard matter shows no defense. If it is shown hereafter that there is an outstanding order to Conard for which the defendant is entitled by acceptance or payment to a further credit, the court has power to make such an order as will prevent injustice.   The plaintiff, in liquidating its judgment, should give defendant credit for five dollars, being the difference between its credit and the apparent amount of the Conard order.   Upon the whole case the defendant has not shown a sufficient defense to plaintiff's claim, and the latter is entitled to judgment.