### GREEN v. INDIAN GOLD MIN. CO.

#### (Circuit Court, D. Montana.   February 24, 1903.)

#### No. 204.

1. COMPLAINT—MOTION TO STRIKE OUT—STATEMENT OF LEGAL CONCLUSION.
    In an action by a servant to recover for a personal injury alleged to have been caused by the negligence of the master, a paragraph in the complaint stating the bare legal conclusion that it was the duty of defendant to provide plaintiff with a reasonably safe place to work and to keep the same in a reasonably safe condition, which arises by implication from the facts alleged in other paragraphs, is surplusage, and will be stricken out on motion.

At Law.   On motion to strike paragraph from complaint.

McHatton & Cotter, for plaintiff.

Forbis & Evans, for defendant.

KNOWLES, District Judge.   This is an action brought by the plaintiff against the defendant to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant, while the plaintiff was in its employ as a laborer in its mine, in Madison county, Mont.   Upon the ground that the same is immaterial, redundant, and surplusage, and does not state facts constituting or tending to constitute a cause of action, the defendant moves to strike out the following paragraph from the plaintiff's complaint:

"That it was the duty of the said defendant to furnish and sufficiently and safely timber the said tunnel through which this plaintiff was obliged to pass in running the said cars, in the course of his employment, so as to properly support the roof and sides thereof, and that it was the duty of the said defendant to keep the said tunnel properly and sufficiently timbered and in a reasonably safe condition during all of said times, so as to render ingress and egress in and out of said tunnel safe, so that plaintiff could pass through the same in performance of his duties as such servant."

Considering this paragraph with reference to its relation to the other facts set out in the complaint, it is entirely unnecessary, because the other facts alleged sufficiently raise the implication of law that it was the duty of the defendant to provide the plaintiff with a reasonably safe place in which to work and to keep the same in a reasonably safe condition.   That is all that can be required by the rules of pleading, be it under the common law or under the Codes. Tested by this rule, the paragraph objected to is not an allegation of facts, but a mere naked legal conclusion, and is objectionable and

repugnant to both systems of pleading. See Gould's Pleadings, §§ 2, 3 & 4; 1 Estee's Pleadings, §§ 182 & 185; Interstate Land Co. v. Maxwell Land Grant Co., 139 U. S. 569, 578, 11 Sup. Ct. 656, 35 L. Ed. 278; U. S. v. Ames, 99 U. S. 45, 25 L. Ed. 295; Chicot County v. Sherwood, 148 U. S. 529, 536, 13 Sup. Ct. 695, 37 L. Ed. 546; Am. Electric Construction Co. v. Consumers' Gas Co. (C. C.) 47 Fed. 43; Gilchrist v. Helena H. S. & S. R. Co. (C. C.) 47 Fed. 593; Phinney v. Mutual Life Insurance Co. (C. C.) 67 Fed. 493; Montgomery v. Northern Pacific Railway Co. (C. C.) 67 Fed. 445.

Standing alone and taken at its best, this paragraph amounts to a bare allegation of duty, such as the law naturally creates upon the relation of master and servant. It is unaccompanied by any allegation of the facts sufficient to create it, and is, therefore, under the authorities, insufficient and decidedly objectionable. Bailey v. Bussing, 29 Conn. 1; McCune v. Norwich City Gas Co., 30 Conn. 521, 79 Am. Dec. 278; Norwich v. Breed, 30 Conn. 535; Hewison v. New Haven, 34 Conn. 138, 91 Am. Dec. 718; Nickerson v. Bridgeport Hydraulic Co., 46 Conn. 27, 33 Am. Rep. 1; Atwood v. Welton, 57 Conn. 515, 18 Atl. 322; Buffalo v. Holloway, 7 N. Y. 494, 57 Am. Dec. 550.

Many other cases could be cited to the same point. For the reasons herein given, and upon the authorities, I am of opinion that the paragraph objected to may safely be stricken out without impairing the efficiency of the complaint with reference to its stating a good cause of action. Upon general principles and under the well settled rules of good pleading, it is decidedly objectionable. The defendant's motion is granted.

Let paragraph 5 of the plaintiff's complaint be stricken out.