Lynn v. McCue.

---

Nos. 19,148 and 19,149.

THOMAS LYNN, *Appellee*, v. B. M. McCUE et al., *Appellees*, and . THE COMMONWEALTH TRUST COMPANY et al., *Appellants*.

OPINION DENYING A REHEARING AND DISPOSING OF OTHER MOTIONS.

HEADNOTE BY THE REPORTER.

1. APPEARANCE—*Request of Third Party to Plead—Request Granted.* Where a stranger files an application to be made a party, asking that he be given leave to plead, and his request is granted, he thereby becomes a party to the action and is bound by the judgment, notwithstanding he files no pleading.

2. PLEDGES—*Conversion of Collateral—Proper Set-off against Damages.* In an action by a pledgor for wrongful conversion of property pledged, the pledgee is entitled to have the debt due him set off against the amount of damages recovered for a conversion of the property deposited as security.

Appeals from Haskell district court; GEORGE J. DOWNER, judge. Opinion denying a rehearing and disposing of motions filed July 10, 1915. (For original opinion of modification, see 94 Kan. 761, 147 Pac. 808.)

*Lee Monroe*, of Topeka, and *W. S. Roark*, of Junction City, for appellant The Commonwealth Trust Company. ‑

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for appellee Thomas Lynn.

*F. Dumont Smith,* of Hutchinson, *Richard J. Hopkins, R. W. Hoskinson,* and *Albert Hoskinson,* all of Garden City, for appellees B. M. McCue *et al.*

The opinion of the court was delivered by

MASON, J.: Various motions have been filed with respect to the decision and opinion heretofore announced herein. (*Lynn v. McCue,* 94 Kan. 761, 147 Pac. 808.)　B. M. McCue asks a modification, so that he shall not be held to be concluded by the judgment in the action brought in Logan county, on the ground that he did not enter any appearance or file any pleading therein—that his attitude was that of a friend of the court, interested by reason of owning stock in the construction company. He filed an application in the case asking that he, with others, be made a party, and be given leave to plead. In response to this request an order was made giving him permission to file such intervening petition or interplea as he should deem proper within a time fixed. This made him a party to the action, and we adhere to the view that he is bound by the judgment, notwithstanding he filed no pleading.

W. M. Kinnison, the receiver of the construction company, asks that the court state specifically whether the trust company will be allowed to set off the indebtedness due to it from McCue and the construction company against any damages he may establish on account of the conversion of the collateral. It was so intimated in the original opinion, and the intimation is now made a definite ruling. We do not regard the misconduct of the trust company as forfeiting its right in that respect. "In all cases the pledgee is entitled to have the debt due him set off against the amount of damages recovered [for a conversion of property deposited as security]." (31 Cyc. 847.)

The trust company files a petition for a rehearing, upon various grounds, especially urging that the retention of the cause in court for the determination of the receiver's claim against it for damages is a violation of due process of law. It is asserting a lien against the land in Haskell county. The amount of this lien is one of the matters necessarily to be determined. Except for the Logan county judgment, it would

be necessary for this purpose to ascertain the loss suffered by McCue and the construction company by the conversion. The construction company, equally with McCue, is concluded by that judgment. But its receiver may still, for the benefit of its creditors, assert a claim for the damages it could otherwise have recovered. And any sum awarded him will reduce by so much the trust company's claim against the construction company (and against McCue, the construction company's surety), and consequently will effect a reduction of the lien. The fact that the receiver was appointed before the construction company was made a party to the action in Logan county removes that company's claim to a certain extent (so far as necessary to the purposes of the receivership) from the operation of the judgment therein rendered. Although the construction company can not in its own behalf demand damages for the conversion, whatever the receiver recovers on that account must operate in reduction of the indebtedness due the trust company. The claim of the receiver against the trust company is not independent of the matter upon which it came into court, but closely related thereto and interwoven therewith.

The judgment appealed from included an order for the surrender of a mortgage upon Nebraska land given by McCue to the trust company. The setting aside of the judgment carries with it the vacation of this order.

The plaintiff, Thomas Lynn, has established his right, which is no longer assailed, to a first lien upon the Haskell county land. The enforcement of his claim should not be delayed by reason of any controversy among parties whose claims are subordinate to his. (27 Cyc. 1534.) He is therefore now entitled to a sale of the property for the satisfaction of his lien, the surplus to be disposed of as may afterwards be determined.

The petition of the trust company for a rehearing is denied.