## E. MILANESEO *vs.* JOHN CALVANESE.

First Judicial District, Hartford, May Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Agreements in restraint of trade, so-called, if reasonable in respect to time and place, are not unlawful.

A promise not to engage in a certain kind of business for three years in a given town, is not unlawful on its face; and if claimed by the promissor to be invalid, when sued for a breach thereof, the facts and circumstances relied upon to support such claim must be pleaded.

Whether the consideration for a promise is adequate or not is a conclusion of law upon the facts alleged; and therefore the allegation that the consideration for the defendant's promise was "grossly inadequate," is insufficient, in the absence of any averment of fact or circumstance justifying such conclusion.

Argued May 7th—decided May 28th, 1918.

SUIT for an injunction to restrain the defendant from violating his contract with the plaintiff not to engage in a certain kind of business within the town of Southington for the period of three years, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*George W. Crawford,* for the appellant (defendant).

*Noble E. Pierce,* for the appellee (plaintiff).

SHUMWAY, J. The only error assigned on the appeal is the action of the court in sustaining the demurrer to the defendant's answer.

The plaintiff's cause of action is founded upon a contract commonly called an agreement in restraint of

trade, and it appears that the defendant agreed that he would not "engage directly or indirectly in the fruit, ice-cream, confectionery and vegetable business within the town of Southington, except in employ of the vendee [plaintiff], for a period of three years from date." Agreements of this character are not unlawful, but on the contrary such an agreement—if the restraint imposed upon the promissor is only partial, is reasonable, and founded upon good consideration—is valid in law; and what is a reasonable restraint must depend upon the circumstances of each case. If upon an inspection of the contract, it appears that the restriction as to time and space does not go beyond what is necessary for the protection of the other party to the contract, the contract upon its face is valid.

In this case the burden was upon the defendant, in order to avoid the obligations of the contract, to set up in his answer some facts or circumstances whereby the contract became unlawful. The answer fails to allege any such facts. It appears by the answer that at the time the contract was made the plaintiff and defendant were engaged in conducting a business in Southington, if not in company at least under some arrangement by which it was expected that articles forming a legal partnership would be signed by them. But such divisions and controversies had arisen that it became inexpedient to continue the business in company and made a separation desirable for both parties. Under those circumstances the defendant sold out to the plaintiff and made the agreement which is the subject of this action. So far, the answer discloses nothing in the circumstances surrounding the contract which renders the restraint upon the defendant, to which he has agreed, unfair or unreasonable. The town of Southington is a territorial division of the State, limited in area, and a limitation by the defendant of his right

to engage in the business described in this town does not appear to be unreasonable, or more than is necessary for the plaintiff's protection.

However, in paragraph twelve of the answer, the defendant has alleged that in view of the value of his labor and efforts in the business, the consideration for his agreement was "grossly inadequate." If the consideration was grossly inadequate, the defendant is entitled to be relieved from his obligation. The adequacy of the consideration for a promise is a conclusion of law, as much as the determination of the question whether the consideration is good or valuable. The mere allegation of inadequacy of consideration, without alleging any fact or circumstance justifying the conclusion, is certainly insufficient. It appears by the contract that the plaintiff paid the defendant $1,000. There is nothing in the answer to indicate that the sum named was not all the stock in trade was worth, and something more, to pay the defendant for agreeing not to go into the same businesss in Southington. In view of these conclusions it is unnecessary to consider the defendant's counterclaim.

There is no error.

In this opinion the other judges concurred.