THE NEW MILFORD SAVINGS BANK *vs.* ROSE B. LEDERER ET ALS.

Third Judicial District, Bridgeport, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

448

Argued November 6th—decided December 12th, 1930.

*David M. Richman,* for the appellants (defendants Lederer).

*Frank R. Goldman,* with whom, on the brief, were *George M. Peck* and *Lyman H. Steele,* for the appellee (plaintiff).

AVERY, J.   The complaint alleges that on September 19th, 1923, David A. Lederer, for value received, executed a note for $13,000 to The New Milford Savings Bank, the plaintiff, secured by a mortgage for that amount on property in Milford; that the Merchants' National Bank of New Haven claimed to have a mortgage on the premises for $10,000, dated October 31st, 1928; that the mortgage was assigned to it by Harold S. Lederer, who might still claim some interest therein; that Carol M. Mauseau claimed to have a mortgage for $10,000, dated December 17th, 1928; that the New Haven Bank, N.B.A., claimed to have an attachment lien on the premises for $3,500, dated and recorded September 4th, 1929; all of which claims accrued subsequent to the plaintiff's mortgage; and that, on February 13th, 1929, David A. Lederer conveyed the premises to Rose B. Lederer, subject to the mortgages, and that she was in possession.

The action to foreclose the plaintiff's first mortgage

was returnable the first Tuesday of February, 1930, and was duly returned and placed on the docket, proper service of the complaint having been made. A motion for disclosure of defense was printed upon the short calendar for February 14th, 1930, and no defense was disclosed; whereupon the court entered judgment by default against all the defendants. On February 20th, 1930, the defendant Rose B. Lederer, by her counsel, filed an answer and cross-complaint. In her answer, she denied that the Merchants' National Bank of New Haven and Carol M. Mauseau, had valid mortgages on the property; and, by way of cross-complaint, she asserted that those mortgages were invalid, and asked that they be so declared by the court. The answer and cross-complaint were filed as one pleading; they were not delivered to the Merchants' National Bank or Carol M. Mauseau, or their counsel, but merely filed in duplicate with the clerk of the court. The court treated the pleadings as closed. Upon plaintiff's motion for judgment of foreclosure, duly printed on the short calendar for May 2d, 1930, the court heard all the evidence which was offered, counsel for the defendants Rose B. Lederer and David A. Lederer being present; and after consideration, rendered judgment on May 7th, 1930, finding the amount due $14,873.48. The court further found from the evidence that the total value of the mortgaged premises might not exceed $17,000; and that delay in enforcing plaintiff's mortgage would lessen its security and might result in financial loss to the plaintiff; and fixed a law day for the defendants Rose B. Lederer and David A. Lederer, as of July 15th, 1930; and law days for the New Haven Bank, N.B.A., Carol M. Mauseau and the Merchants' National Bank of New Haven as the 16th, 17th and 18th days of July, respectively. The judgment did not provide for the vesting of title

in a subsequent encumbrancer redeeming. The answer and cross-complaint were filed with the clerk without permission of the court, after judgment by default had been entered against all the defendants. The answer and cross-complaint made no defense as against the plaintiff, but set up that the mortgages to the Merchants' National Bank and Carol M. Mauseau were invalid. No facts whatever were alleged to show such invalidity; and, obviously, the answer and cross-complaint raised no issue. *Bailey* v. *Bussing*, 29 Conn. 1, 6; *Connecticut Hospital for Insane* v. *Brookfield*, 69 Conn. 1, 4, 36 Atl. 1017; *Milaneseo* v. *Calvanese*, 92 Conn. 641, 643, 103 Atl. 841; *Howard* v. *Redden*, 93 Conn. 604, 614, 107 Atl. 509. Furthermore, the cross-complaint, which was a part of the answer, was never served. Under the circumstances, the court was fully justified in proceeding to fix a law day for the plaintiff on the technical situation of the pleadings then before the court.

Disregarding, however, any technical considerations, we think the action of the court was correct. Where a complaint is brought to foreclose a mortgage, and there are subsequent encumbrances, if no defense is disclosed against the mortgage, the mortgagee is not obliged in all cases to wait while subsequent encumbrancers litigate among themselves the validity or priority of the various subsequent encumbrances. "The enforcement of his [the mortgagee's] claim should not be delayed by any controversy among parties whose claims are subordinate to his." *Lynn* v. *McCue*, 96 Kan. 114, 116, 150 Pac. 523; 42 Corpus Juris, 36. In such a case, the court, in its discretion, may entertain a motion by plaintiff's attorney for foreclosure by sale and have a sale of the property, the money being paid into court, and any surplus remaining, after the payment of the unchallenged prior encumbrances, can be

held by the clerk and distributed to the subsequent encumbrancers when their rights have been adjudicated.

If the foreclosing mortgagee does not desire to have a foreclosure by sale, but prefers a strict foreclosure, the court, in its discretion, may proceed to the foreclosure, pending the determination of the priorities among the subsequent encumbrancers. In case a subsequent encumbrance is disputed, the judgment should not contain a provision vesting title in such encumbrancer in case of redemption by him. The determination of whether to proceed with a foreclosure or wait until the priority and validity of subsequent encumbrances are determined, rests in the discretion of the court, and would be dependent upon the state of the security. If the security is ample, and no loss can accrue to the mortgagee by being compelled to wait until questions affecting subsequent encumbrances are determined, the court may follow that course. If, however, it appear doubtful whether the security is sufficient; or, if otherwise, hardship would result to the foreclosing first mortgagee by reason of delay, the court may decree foreclosure, leaving the subsequent encumbrancers to litigate the validity and priority of their respective encumbrances among themselves, in case of redemption by one of them.

Whether or not, as the appellees claim, the motion to correct the finding was filed too late, the trial court did in fact refile the finding on August 15th, and the appeal might properly be taken within the time allowed after that refiling. *Wake* v. *Thoms,* 78 Conn. 14, 60 Atl. 689. As the appeal was taken on September 9th following, it was taken within the time allowed by § 5824 of General Statutes (Rev. 1918). The appellants are therefore entitled to have a new law day fixed, in accordance with the procedure out-

lined in *Tilden* v. *Century Realty Co., ante,* p. 439, 152 Atl. 707.

There is no error.

In this opinion the other judges concurred.