(No. 31713.—

S. L. DAVIS *et al.,* Appellees, *vs.* LLOYD B. HUGUENOR, JR., Appellant.

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

Vogel & Bunge, of Chicago, (Thomas W. Diver, of counsel,) for appellant.

Rothbart & Rosenfield, of Chicago, (J. M. Rosenfield, of counsel,) for appellees.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiffs filed their complaint in the superior court of Cook County in an action in equity to compel the defendant to remove a certain fence on property owned by him, claimed by the plaintiffs to have been erected in violation of a restriction upon the use of said property. It is alleged that the fence violated a restriction placed on the property in the subdivision by the subdividers in a declaration recorded December 17, 1940. Defendant answered denying the validity of the restriction and denying its application to the lot in question. The cause was referred to a master who, after hearing evidence, found the restriction was valid and applicable, and recommended a decree compelling the defendant to remove so much of the said picket fence as stands between the line of the front elevation of the

buildings in said subdivision and Indian Wood Road. Defendant filed objections to the master's report, which were overruled, and the court, after hearing on the exceptions, approved the report and entered a decree ordering the defendant to remove the fence or so much thereof as stands between the line of the front elevation of the buildings in said subdivision and Indian Wood Road, and assessing costs against defendant.

The record discloses the area involved was part of a tract of land originally owned by Alvin E. Beirnes, who, with his wife, executed and acknowledged a declaration relative to the real estate here involved and recorded the same on December 17, 1940. The declaration recites that Beirnes was the owner of the property described, that he desired to develop it for residential purposes and to convey all or parcels thereof; that for the protection and benefit of Beirnes, his wife and purchasers of the property, "certain covenants" are declared and established, including, among others, the following: "No fences or hedges for the purpose of dividing or enclosing properties shall be constructed or planted forward of the front elevation of any house, except on Lake Avenue and Hibbard Road." The declaration further provides that the covenants are to run with the land and be binding upon the declarants and all persons claiming under them, whether or not such covenants shall be specifically set forth or referred to in any deed, immediate or remote, by which the property or any parcel thereof may be conveyed.

The declaration prescribes that the restrictions contained therein shall be effective until January 1, 1951, and shall be automatically extended thereafter for successive periods of ten years, unless by a majority vote of the then owners of the lots it is agreed to change the covenants in whole or in part.

The first contention for determination is whether this court has jurisdiction of this direct appeal. The pleadings

present the question whether or not the purported restriction as to fences and hedges is valid upon the defendant-appellant. We have held that a direct appeal does not lie to this court from a decree enjoining violation of a restrictive agreement where the agreement by its terms expires on a certain date, but where the right asserted depends upon the existence of an easement which is permanent or indefinite in duration, a freehold is involved giving this court jurisdiction on direct appeal. (*Housing Authority* v. *Church of God,* 401 Ill. 100.) The language of the declaration here makes the controverted restriction depend for its duration upon a majority vote of the owners of the various lots in the subdivision. The term of the restriction is made indefinite and, in view of the issue presented as to its validity as a covenant, a freehold is involved so as to give this court jurisdiction on direct appeal.

Lot 2, on which the controverted fence is erected, is bounded on the south by Lake Avenue and on the east by Indian Wood Road. Defendant owns this lot and lot 4, which is immediately north of, and contiguous with, lot 2. Lot 4 is improved with a residence facing Indian Wood Road and the fence on lot 2 extends forward of this residence toward Indian Wood Road. This road is a dead-end street, serving only the homes in the subdivision.

Defendant purchased lot 4 in January, 1948, and the deed recited "subject to * * *; covenants, agreements, restrictions and easements of record." Defendant purchased lot 2, which was and still is vacant, from Beirnes on May 25, 1948, by warranty deed with the same restrictions. In August or September, 1948, defendant constructed the picket fence complained of along the east line of lot 2, next to Indian Wood Road and extending back to the west on the north part of lot 2.

The evidence, including photographs of the subdivision, shows that the area is devoted to quality residences, surrounded by well-kept and tastefully landscaped lawns.

It is contended by the defendant that the restriction contained in the declaration is not valid, binding or enforceable upon him; that the picket fence in question did not violate the restriction because it is not for the purpose of dividing or enclosing properties and because the restriction does not apply to vacant property, nor to property bounded by Lake Avenue. The questions presented are first, whether the declaration made and recorded by Beirnes and his wife is a valid restriction upon defendant in the use of his property and, second, whether the fence in question violates the restriction.

Appellant first contends that the declaration is not binding or valid because the restrictions contained therein were declared while Beirnes was the owner of all the property described in the declaration; that there is no evidence that the declaration was ever accepted or agreed to by appellant or anyone else. This contention must be narrowed in the instant case to appellant's position with reference to the restriction. The evidence establishes that the declaration was recorded, that the deed from Beirnes to appellant, conveying lot 2, expressly provided that the conveyance was subject to restrictions and easements of record, and further provided expressly that appellant, as grantee, agreed to "beautify said property in keeping with the general landscaping of the subdivision." This presents the question, was the declaration, and the restriction as to fences contained therein, "of record" so as to bind appellant under the deed. It appears that Beirnes platted the subdivision in 1940, and on June 28, 1940, recorded the plat. The plat itself contained no restriction in regard to fences or hedges. The declaration recorded December 17, 1940, makes specific reference to the plat and by express language applies the restriction of the declaration to the property included in the plat. We have held that restrictions may be imposed on property by noting them upon a plat which is later recorded. (*Loomis* v. *Collins, 272* Ill. 221.) It

seems to be appellant's position that if the restriction here in controversy had been noted upon the plat it would have been valid and binding so far as applicable to the property in question.

In the instant case it appears that the declaration made specific reference to the plat and to the property involved. It was properly recorded and the restriction as to fences was clearly imposed for the benefit of all the lots in the subdivision. The deed to lot 2 from Beirnes to appellant specifically makes reference to the recorded plat and makes the conveyance subject to restrictions and covenants of record. It further specifically provides that the grantee-appellant shall beautify the lot in accordance with the general landscaping plan of the subdivision. Appellant contends that the restrictions in the declaration were not accepted by him. The recorded declaration gave constructive notice of the restrictions contained in it. The deed expressly called appellant's attention to the general landscaping plan of the subdivision and was made subject to restrictions and covenants of record. Appellant's contention cannot be sustained and the restriction involved here is valid and binding.

The next question for consideration is whether the fence in controversy violates the restriction as to fences and hedges. The restriction reads, "No fences or hedges * * * shall be constructed or planted forward of the front elevation of any house except on Lake Avenue and Hibbard Road." Appellant contends that the restriction as to fences does not apply to vacant lots in the subdivision. It would hardly seem reasonable to suppose that the words of the restriction could mean that improved lots could have no fences or hedges enclosing the part forward of the front of the houses built upon them, but that owners of vacant lots should be free to enclose them without restriction. If this were the situation, each resident of the subdivision who owned a vacant lot adjoining his residence

could destroy the restriction. The reasonable construction would be that no fence or hedge for the purpose of enclosing or dividing properties shall be erected or planted forward of the front elevation of any house and that the restriction applies to all lots within the subdivision whether built upon or not. This conclusion is supported by the fact, as disclosed by the evidence, that the residents of the subdivision, except appellant, have all refrained from enclosing the grounds lying forward of the fronts of their houses to the street.

Appellant next argues that lot 2 is excepted from the restriction by reason of its being bounded by Lake Avenue on its south side. We find no such exception in the language of the restriction. The restriction clearly refers to fences and hedges and not to lots.

Other contentions as to fences are made by appellant and it is urged that the fence in controversy is not for the purpose of dividing or enclosing property, but is primarily ornamental. No exception appears for fences that are ornamental and the test to be applied is clearly whether they are located in violation of the restriction.

Appellant also makes the contention that the master's report is unduly lengthy and his charges excessive. The contention includes no specification from which this court could determine the alleged impropriety without, in effect, rewriting the report itself. It is true, as stated in the case of *Manowsky* v. *Stephan,* 233 Ill. 409, that the law does not contemplate the preparation by the master of an opinion, or the insertion of unnecessarily lengthy extracts from the testimony, or the inclusion of unnecessary discussion of the evidence, still the matter of costs is within the discretion of the trial court and, where there is no clear abuse of that discretion, its order assessing costs will not be disturbed. (*Fleming* v. *Dillon,* 370 Ill. 325.) The report here might will have been condensed into a less lengthy one, but appellant points to no specific impropriety in this

regard from which it could be said the court below abused its discretion either in the amount of or in the taxation of these costs.

The evidence as disclosed by the record supports the master's findings below and the court approved his report. From a careful analysis of this record we cannot say the decree entered is manifestly against the weight of the evidence, justifying a reversal by this court. *Velsicol Corp.* v. *Hyman,* 405 Ill. 352.

In accordance with our views as above expressed, the decree of the superior court of Cook County is affirmed.

*Decree affirmed.*