(No. 15217.—Decree affirmed.)
THE NATURAL PRODUCTS COMPANY, Appellant, *vs.* THE DOLESE & SHEPARD COMPANY, Appellee.

*Opinion filed June 20, 1923—Rehearing denied October 3, 1923.*

1. DEEDS—*when restrictive covenant is not void as against statute or public policy.* Where a grantor owns a tract of land which includes a portion of a residence district, agricultural lands and also an abandoned stone quarry and conveys that portion which contains the agricultural lands and the stone quarry, a covenant restricting the grantee, his heirs and assigns from using the land for the production of crushed stone does not violate the provision of the Criminal Code against the formation of trusts and is not against public policy but is a covenant running with the land and may be enforced by the grantor or his grantees of the residence property, in whose behalf the covenant was made.

2. SAME—*owner of property may restrict its use by the grantee.* An owner may convey his property subject to any restriction which he may see fit to impose, and if the grantee accepts the conveyance and the restrictions are not objectionable in law or subversive of public interests they will be enforced at the suit of anyone in whom the right to enforce them is vested.

3. SAME—*what determines whether covenant runs with land.* The test whether a covenant runs with the land or is merely personal is whether the covenant concerns the thing granted or the occupation or enjoyment of it, or is a collateral and personal covenant not immediately concerning the thing granted.

4. SAME—*covenants running with land must be kept and may be enforced by grantees.* Covenants which run with the land pass with the title, and the rights and obligations created inhere in the land and must be kept and may be enforced by the grantees.

5. CONTRACTS—*it is the duty of the courts to enforce lawful contracts.* An important function of the courts is the enforcement of lawful contracts and the protection of contract rights, and the courts will not aid or countenance a disregard of contract obligations.

APPEAL from the Circuit Court of DuPage county; the Hon. ADAM C. CLIFFE, Judge, presiding.

HARRY S. MECARTNEY, (EDMUND J. REYNOLDS, of counsel,) for appellant.

WILLIAM J. PRINGLE, and EDWIN TERWILLIGER, JR., for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the Dolese & Shepard Company, is a corporation which for many years has been engaged in the business of quarrying, crushing and selling stone. On April 29, 1914, it was the owner of a tract of land in the city of Naperville, in DuPage county, on which there was an abandoned stone quarry, and adjoining agricultural lands and a considerable number of lots near the quarry, in a residence district of the city of Naperville. Frederick W. von Oven was in the nursery business, and on that day the appellee conveyed to him the tract upon which the abandoned quarry was located and the agricultural lands. The deed was executed and acknowledged by von Oven as well as the appellee and was made a matter of public record. The estate conveyed was limited by the following restrictive covenant: "The grantee herein hereby covenants and agrees, for himself, his heirs, executors, administrators and assigns, that no part of the said real estate hereby conveyed,

nor the stone on or under the surface thereof, shall ever be used or operated for the purpose of producing crushed stone therefrom, and this covenant shall be construed as a covenant running with the land: *Provided, however,* that this clause shall not be construed as restricting the grantee, his heirs, executors, administrators or assigns, from transporting or conveying over said real estate stone quarried or crushed on premises other than the real estate hereby conveyed." Von Oven organized a corporation under the name of Natural Products Company and was the president and controlling stockholder. He executed a deed to the Natural Products Company without the restriction or limitation, and on June 3, 1920, that corporation, which is the appellant in this court, filed in the circuit court of DuPage county its bill of complaint, setting forth the conveyance from the appellee and the restrictive covenant, alleging that the covenant formed a cloud on its title and praying for a removal of the same because it was null and void in law and equity. The bill was answered and there was a hearing before the chancellor on a stipulation of facts and the evidence of witnesses. The bill was dismissed for want of equity, and an appeal was allowed and perfected.

It was agreed by the stipulation that the complainant is a corporation organized for the purpose of quarrying and crushing stone and selling the same; that at the time of the conveyance to von Oven the defendant was the owner of the real estate conveyed and a considerable number of other adjacent lots in a residence district of the city of Naperville and has since conveyed to other persons a number of the lots suitable for residences; that the tract in question was available for quarrying stone and crushing the same and other quarry operations; that the defendant is engaged in the business of quarrying and producing crushed stone in the town of Lyons, in Cook county, and selling the same; that at the time of the conveyance and when the stipulation was made there were in active operation stone quarries pro-

ducing crushed stone in Elmhurst, DuPage county, in Lemont, Cook county, three quarries in Joliet, Will county, and six quarries (besides the quarry of the defendant) in Cook county, and that there were other vacant lands in DuPage county containing limestone deposits suitable to be quarried for crushed stone. The testimony of the witnesses was that the quarry had been abandoned and had not been operated for a good many years; that there was adjoining property which was stone land; that there is a market demand for crushed stone but practically no demand for rubble, coursing stone, building stone, flagstone or dimension stone; that there are extensive deposits of stone in Cook, DuPage and Will counties, and in many places the stone outcrops at the surface; that there is no lack of stone fit for crushing in other quarries to supply the whole State for the next fifty years, and that the machinery for crushing stone is noisy in operation and there is always considerable limestone dust, which would be offensive and a damage to adjacent property.

It is first contended that the restrictive covenant is void because in violation of that provision of the Criminal Code which provides for the punishment of persons, co-partnerships or corporations forming pools, trusts and combines. The restriction is neither within the language of the statute nor the legislative intent. The grantee was not engaged in producing crushed stone. The land was not being used for that purpose and the restrictive covenant was limited to this particular parcel of land. The quarry had not been operated for years, and if the grantor had retained the title and left the quarry in the condition in which it was, it could not have been compelled to operate it and the public interest would not be affected by neglect to do it. Every owner of property has the legal right to dispose of his estate either absolutely or conditionally, or to regulate the manner in which the estate shall be used and occupied, as he may deem best and proper, and if conditions and restric-

tions imposed are not subversive of public interests they will be enforced. The defendant owned other lots which would be benefited by the covenant in preventing an offensive business and one detrimental to the peace and quiet of the neighborhood. In *Frye* v. *Partridge*, 82 Ill. 267, the court said it would be a strange doctrine to hold that an owner of real estate could not convey a part and restrict its use in such manner as not to impair or lessen in value the portion retained, and that the court was aware of no restriction upon the rights of an owner to convey upon such terms and conditions as he might see proper or might be acceptable to the grantee, except that the right should be exercised with proper regard to public policy. An owner may convey his property subject to any restriction which he may see fit to impose, and if the grantee accepts the conveyance and the restrictions are not objectionable in law they will be enforced at the suit of anyone in whom the right to enforce them is vested. (*Hays* v. *St. Paul M. E. Church,* 196 Ill. 633; *Wakefield* v. *VanTassell,* 202 id. 41.) The grantor and grantee both signed and acknowledged the deed in this case, and it declared that the covenant should be construed as a covenant running with the land, and although a covenant not running with the land, under the law, cannot be made to do so by agreement, (*Gibson* v. *Holden,* 115 Ill. 199,) this covenant was one that by law did run with the land. The test whether a covenant runs with the land or is merely personal is whether the covenant concerns the thing granted or the occupation or enjoyment of it or is a collateral and personal covenant not immediately concerning the thing granted. The covenant affected the estate conveyed and the mode of enjoyment, and in such a case the liability for the performance of the covenant or the right to enforce it passes to the assignee of the land itself. Covenants which run with the land pass with the title, and the rights and obligations created inhere in the land and must be kept and may be enforced by grantees. (*Brady* v. *Spurck,* 27 Ill.

478; *Dorsey* v. *St. Louis, Alton and Terre Haute Railroad Co.* 58 id. 65; *Wiggins Ferry Co.* v. *Ohio and Mississippi Railway Co.* 94 id. 83; *Fitch* v. *Johnson,* 104 id. 111; *Purvis* v. *Shuman,* 273 id. 286; 15 Corpus Juris, 1256.) When the deed to von Oven was made the defendant owned many lots, some of which have been sold to persons who are not parties to this suit, who would have a right to enforce the covenant, and some of the lots are still retained by defendant.

The argument that the rights of the defendant were limited and it was not permitted to impose the restriction because it was against the public policy of the State has no foundation in fact. Neither the public interest nor any public necessity was or is affected in any manner by the covenant. The supply of limestone that can be crushed is practically inexhaustible, and the law does not forbid such a restriction as this. Von Oven acquired title to the land for every use except the single one of producing crushed stone. The covenant against that use was a condition of his purchase and naturally affected the consideration. He formed a corporation which, as his grantee, was bound by the covenant if he was. The corporation asked the court to permit a violation of the covenant because it was against public policy and could be disregarded in the public interest. The evidence proved that the covenant was not injurious to any public interest and that the real purpose of the suit was to realize a profit by violating the covenant and engaging in the prohibited business. An important function of the courts is the enforcement of lawful contracts and the protection of contract rights, and they will not aid or countenance a disregard of their obligation. The decree was right, and this court will not, as finally requested by counsel, fix an area near the residence lots beyond which the covenant may be disregarded as void for any reason.

The decree is affirmed.                    *Decree affirmed.*