Edward Patzloff et al. *vs.* Mary Kasperovich et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued February 7th—decided March 28th, 1933.

*Frederick S. Harris,* for the appellants (defendants).

*William M. Luby,* for the appellees (plaintiffs).

Maltbie, C. J.  While this action is in form one to settle the title to a tract of land described in the complaint, which the plaintiffs claimed to own, the issue tried and determined by the trial court and argued before us is restricted to the determination of the true

boundary between the lands of the parties. They own adjoining lots upon the east side of Warren Street in Meriden. Both acquired their lots from Edward J. O'Brien, who in turn had acquired them from the estate of Thomas J. Maloney. The defendants' deed, dated July 29th, 1927, describes their lot as bounded on the north by land of O'Brien and land of another, on the west by Warren Street about eighty-five feet, and the description concludes, "the northerly line being one hundred and thirty-five feet south from the southerly line of Maloney Avenue." The plaintiffs' deed, dated November 12th, 1927, describes their lot as bounded south on the land of the defendants and on the west by Warren Street forty-five feet, and the description concludes, "the north line being ninety feet southerly from the south line of Maloney Avenue." Maloney Avenue is a private street, and the trial court has found that, at the time O'Brien acquired the lots and when he deeded them to the parties to this action, there was an iron pin which marked its southerly boundary at Warren Street. While the finding that this pin marked the boundary of the way is attacked by the defendants, it is supported by the evidence certified to us. The trial court found that there was a fence running easterly from Warren Street about one hundred and thirty feet southerly from the south boundary of Maloney Avenue. The defendants requested the trial court to make certain additions and alterations in the finding and, upon the basis of the finding as corrected, claimed that the intention of the parties was to convey to the defendants all land southerly of this fence and to the plaintiffs a lot extending only to it.

In determining the effect of a deed, as of a written contract, the inquiry must be, not what the parties intended, but what is the intent which is expressed in it,

and, if the description it contains as applied to the property is clear and unambiguous, that description must be given effect. *Botsford* v. *Wallace,* 69 Conn. 263, 37 Atl. 902; *Easterbrook* v. *Hebrew Ladies' Orphan Society,* 85 Conn. 289, 82 Atl. 561; 4 Thompson, Real Property, § 3086. The descriptions in the deeds before us as applied to the property designate clearly and unambiguously the boundary between them as being one hundred and thirty-five feet southerly of the southerly boundary of Maloney Avenue, and there is no room for any construction of these descriptions which would permit a finding that the fence was the true boundary between the lots. The defendants point to the designation in the plaintiffs' deed of the defendants' land as the southerly boundary of the tract conveyed, and invoke the rule that adjoining property referred to in a deed as a boundary may be regarded as a monument. *Post Hill Improvement Co.* v. *Brandegee,* 74 Conn. 338, 50 Atl. 874; *Ensign* v. *Colt,* 75 Conn. 111, 116, 52 Atl. 829, 830; *Bielby* v. *Blinn,* 112 Conn. 1, 4, 151 Atl. 357. But that rule cannot apply to fix a boundary where the boundary of the land referred to is itself uncertain. Here the very issue between the parties involves the location of the north boundary of the defendants' land, and the reference to that land in the plaintiffs' deed cannot serve to change the effect of the definite determination of the line between the properties by the measurements given from Maloney Avenue. The trial court was correct in its conclusion that the line between the lots fixed by the deeds was determined by those measurements and not by the fence.

The defendants in this court claim that the fence has become the boundary between the lots by the acquiescence of the parties, but this issue does not appear upon the record to have been raised in the trial

court; had it been, further evidence than that certified to us would in all probability have been offered and further findings made; and we cannot, therefore, consider the claim upon this record. The declaration of Thomas J. Maloney, who had owned not merely the two lots here in question but also the land between them and Maloney Avenue, but who had died before the trial, as to the width of that avenue, was, so far as the record shows, admissible in evidence under the doctrine of *Turgeon* v. *Woodward,* 83 Conn. 537, 541, 78 Atl. 577, and was within the issues litigated by the parties; and there was no error in the rulings of the trial court admitting the evidence and later refusing to strike it out.

There is no error.

In this opinion the other judges concurred.