(No. 30657.—

HOUSING AUTHORITY OF GALLATIN COUNTY *et al.*, Appellees, *vs.* CHURCH OF GOD *et al.*, Appellants.

*Opinion filed September 24, 1948.*

Lynndon M. Hancock, and Dale A. Letts, both of Harrisburg, for appellants.

C. K. Roedel, and Joseph L. Bartley, both of Shawneetown, for appellees.

Mr. Justice Wilson delivered the opinion of the court:

A decree of the circuit court of Gallatin County enjoined James M. Oxford, Ross Glover and John Padgett, trustees of the Church of God, from erecting a church building on two lots located in the Housing Authority Addition to the city of Shawneetown, maintaining a church building, or conducting church services in any building to be erected on the property. The trustees prosecute this appeal.

From the pleadings it appears that the Housing Authority of Gallatin County is a municipal corporation, organized conformably to "An Act in relation to housing authorities," approved March 19, 1934, as amended. (Ill. Rev. Stat. 1947, chap. 67½, par. 1 *et seq.*) In April and

May, 1938, the Housing Authority purchased considerable land which was thereafter annexed to, and made a part of, the city of Shawneetown. After the purchase of the land, the Housing Authority caused the land to be surveyed and laid out in blocks and lots and a plat placed of record in the recorder's office of the county. The Housing Authority adopted a plan or policy providing that certain lots should be used for residential purposes only, some for business purposes, and others for church purposes, and caused to be noted on the plat of record that all lots not marked for residential purposes would be used for business purposes. Seven hundred of these lots had been sold prior to the day this action was commenced, and three hundred lots were still retained and owned by the Housing Authority. The deeds conveying all lots sold contained provisions that the lots were to be used for residential or business purposes, respectively, and that the grantees purchased the lots with the understanding all lots were to be sold with the same condition or provision incorporated.

On October 11, 1945, the Housing Authority sold to James M. Oxford three lots, described as lots 2, 3 and 4, in block 16, in Unit "A," of the Housing Authority Addition to the city of Shawneetown, and executed and delivered to the grantee a deed providing, in part, "to be used for Residential purposes and not otherwise, subject to all other restrictions, easements and conditions set forth on said plat," the reference being to the plat of the Housing Authority Addition. Thereafter, on September 12, 1947, Oxford and his wife conveyed lots 2 and 3 to himself, Ross Glover and John Padgett, constituting the local board of trustees of the Church of God, at Shawneetown, their assigns and successors in trust. This deed contained the following provision, among others: "The said Local Board of Trustees shall hold title to, manage and control the said real estate for the general use and benefit of the Church of God having its general headquarters in Cleveland, Tennes-

see, and for the general use and benefit of the Local Congregation in the City of Shawneetown, Illinois." The Church of God, so far as the public records disclose, is not organized or incorporated.

George Frields, Jr., and his wife own lot 27 and the west half of lot 28, in block 15, of the Housing Authority Addition across the street from lots 2 and 3, in block 16, acquired by the trustees. The property owned by Frields is improved with a house occupied by his family and himself. Millard Winters owns lots 30, 31 and 32, in block 15. These lots are improved with a dwelling house occupied by Winters and his family.

September 29, 1947, the plaintiffs, the Housing Authority of Gallatin County, Frields and Winters, filed their complaint against the Church of God, Oxford, Glover and Padgett, its trustees. Plaintiffs charged that the trustees are erecting and intending to erect a church on lots 2 and 3, in block 16, and intend, when the church building is erected, to conduct church therein; that, if defendants are permitted to erect or maintain the church, or to conduct church therein, they, the plaintiffs, will be irreparably injured and the value of their property reduced, especially for residential purposes; that it is the practice of the Church of God to conduct its religious services to late hours of the night and sometimes until the early hours of the morning, and that they talk and sing in such loud voices that the rest, peace and quiet of the neighborhood will be disturbed. The relief sought was an injunction restraining defendants from erecting any church building on lots 2 and 3, in block 16, maintaining a church building, or conducting church in any building to be erected on these lots.

By their answer, defendants admitted or denied the material allegations of the complaint and, as an affirmative defense, averred that, prior to the execution and delivery of the deed to the trustees, the plaintiffs abandoned the restrictive conditions and provisions previously described

and, by the conduct of the officers and agents of the Housing Authority, led defendants to believe that no restrictions or policy prevailed which would prevent them from constructing a church building and a residence to be used in connection therewith on the real estate in controversy. Defendants averred, further, that the Housing Authority had, prior thereto, waived and abandoned all restrictions and conditions to another grantee in block 16, Unit "A," permitting him to construct a building to be used for residence and office purposes, and, pursuant to this permission, a law office and abstract office had been constructed on the property, and that the General Baptist Church had been permitted to construct a church building in block 16. Defendants asserted that, conformably to the agreements, acts and conduct of the Housing Authority, they were induced to purchase the real estate in question and given permission by the city clerk of Shawneetown to erect on the property a church house and expend $1500 in the preparation, plans and partial construction of the church building. Concluding averments of the answer are that, if the prayer of plaintiffs' complaint be granted, the defendants and their successors in trust will be discriminated against in violation of the provisions of the first amendment to the Federal constitution which ordains that Congress shall make no law respecting an establishment of religion, or prohibiting its free exercise, and of our constitution guaranteeing forever the free exercise and enjoyment of religious profession and worship.

Plaintiffs filed a replication denying the averments of the special defense except that they admitted the Housing Authority sold lot 18, in block 16, to James W. Karber and provided in the deed to him that the lot should be used for residential and office purposes, and not otherwise, and that Karber erected a building on the lot which is now used for residential and office purposes. They also admitted that the General Baptist Church erected a church building

on the north side of the street in block 16 soon after the Housing Authority Addition to Shawneetown was platted and before any of the lots adjoining or near the lot where the church building was erected were sold, the lot still being owned by the Housing Authority. Plaintiffs added that no express authority was given to the Baptist Church by the Housing Authority, admitted that the building is used for church purposes, and declared that it is located a greater distance from the property of Frields and Winters than the building in process of construction by defendants, that no complaint has been made to the Housing Authority or objection concerning it and, further, that the building was being used for church purposes when Frields and Winters purchased their lots. Plaintiffs replied, further, that, in another instance, the Housing Authority waived its plan for the use of the lots in the Housing Authority Addition by deeding to the Church of God lot 16, in block 25, an entirely different tract from the two lots involved in this proceeding, and provided in the deed to the church that the lot may be used for church purposes.

Plaintiffs denied that the city clerk gave defendants permission to erect a church building on lots 2 and 3, in block 16, and alleged that, although defendants made application to the clerk, he informed them that they would have to obtain the consent of the city council, which consent was never given. In conclusion, plaintiffs answered defendants by saying that the chairman of the board of directors of the Housing Authority expressly informed defendant Oxford he would be opposed when he attempted to erect a church building on the property long before the construction was commenced; that Oxford and other trustees proceeded to commence the construction of the building notwithstanding the warning given him; that the individual plaintiffs never, by any act or neglect, indicated nor did anything which would lead the trustees to believe they would waive their rights not to have the lot owned by the

Church of God used for any purpose other than residential purposes, and, finally, that they have never, by any act or admission, waived the condition in the deed from the Housing Authority to Oxford conveying to him lots 2, 3 and 4, in block 16, expressly providing these three lots should be used for residential purposes, and not otherwise.

Considerable evidence was heard and, after plaintiffs dismissed the cause of action without prejudice as to the Church of God, a decree was entered enjoining Oxford, Glover and Padgett, trustees of the Church of God of the city of Shawneetown, from erecting or permitting to be erected a church building or continuing or permitting the erection of a church building now commenced on lots 2 and 3, in block 16, and from maintaining or permitting a church building on the lots, or conducting or permitting church services in any building which may be erected on the lots. This direct appeal followed.

Defendants have elected not to have the report of the trial proceedings included in the record filed in this court. The cause is thus here on the common-law record, alone. The question whether a freehold is involved, within the contemplation of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 199,) requires initial consideration.

Where the right of recovery in an action depends upon the existence of a perpetual easement in land and the rights acquired thereby, a freehold is involved. The character of an easement which involves a freehold so as to give this court jurisdiction of a direct appeal is a perpetual easement or one of indefinite duration. (*Stevenson* v. *Lewis,* 244 Ill. 147.) A direct appeal does not lie from a decree enjoining the violation of a restrictive agreement where the agreement by its terms expires on a certain date. (*Burke* v. *Kleiman,* 355 Ill. 390.) Where, as in the present case, the restrictive agreements appear to be permanent or indefinite in duration, appeals have been prosecuted directly

to this court. (*Dolan* v. *Brown,* 338 Ill. 412; *Cuneo* v. *Chicago Title and Trust Co.* 337 Ill. 589; *Brandenburg* v. *Country Club Bldg. Corp.* 332 Ill. 136; *McGovern* v. *Brown,* 317 Ill. 73; *Natural Products Co.* v. *Dolese & Shepard Co.* 309 Ill. 230.) In other instances where the restrictive agreement had a definite termination date, no question of a permanent easement was involved, and the appeals were properly ·prosecuted to the Appellate Court. *Metcoff* v. *Dahlquist,* 252 Ill. App. 222; *Gordon* v. *Caldwell,* 235 Ill. App. 170.

Defendants contend that the restriction on the use of the property in the Housing Authority Addition has no real, substantial relation to the public health, safety, morals and general welfare and that the policy or plan reflected is discriminatory and unreasonable. The purpose of the Housing Authorities Act is the promotion and protection of the health, safety, morals and welfare of the public, and housing authorities created conformably to the act are vested with all powers necessary or appropriate in order to engage in low-rent housing and slum clearance projects. (Ill. Rev. Stat. 1947, chap. 67½, par. 2.) The Housing Authority of Gallatin County is a municipal corporation and constitutes a body both corporate and politic, exercising public and essential governmental functions, and having all the powers, including the power of purchasing and selling real estate, necessary and convenient to carry out and effectuate the purposes and provisions of the act. (Ill. Rev. Stat. 1947, chap. 67½, par. 8.) An owner of real estate has the right to convey it subject to any condition or restriction he deems fit to impose, provided the conditions or restrictions are not against public policy and do not materially impair the beneficial enjoyment of the estate. (*Dolan* v. *Brown,* 338 Ill. 412; *Brandenburg* v. *Country Club Bldg. Corp.* 332 Ill. 136; *Natural Products Co.* v. *Dolese & Shepard Co.* 309 Ill. 230.) Subsequent purchasers will be

bound by such restrictions, and equity will enforce them by injunction upon the application of any person in whom the right to enforce them is vested. (*Brandenburg* v. *Country Club Bldg. Corp.* 332 Ill. 136; *McGovern* v. *Brown,* 317 Ill. 73.) Restrictions upon the use of property in a particular subdivision, as here, and which are imposed as a part of a general plan for the benefit of all the lots affected, give to the purchasers of the lots a right in the nature of an easement, which will be enforced against owners of other lots so affected, where the intention is clearly shown by the restrictions and the enforcement of them is necessary for the protection of substantial rights. Conversely, equity will not enforce a building restriction where, by the acts of the grantor who imposed it, or of those who derived title under him, the property, and that in the general area, has so changed in character and environment and the uses to which it may be put as to make it unfit or unprofitable for use if the restriction be enforced, or where to enjoin violation of the restriction would be a great hardship on the owner and of no benefit to the plaintiff, or where the plaintiff has abandoned the restriction. *Cuneo* v. *Chicago Title & Trust Co.* 337 Ill. 589.

Manifestly, the policy or plan of the Housing Authority of Gallatin County restricting the use of the lots in the Housing Authority Addition to the city of Shawneetown to residential purposes is neither capricious nor unreasonable. The court specifically found, as a fact, that Oxford purchased the lots with full knowledge of the covenant or condition that they were to be used solely for residential purposes. Moreover, since the restriction appeared in the chain of title, the public records gave notice to subsequent purchasers of the existence and binding force of the covenant. (*Dolan* v. *Brown,* 338 Ill. 412; *Wiegman* v. *Kusel,* 270 Ill. 520.) The deed of the Housing Authority to Oxford containing the covenant or condition restricting the use of the property sold for residential purposes being valid,

it follows that the use of two of the three lots conveyed to Oxford, if devoted to church purposes, would violate the restrictive covenant.

The principal issue made by the pleadings is whether the Housing Authority has abandoned the conditions and restrictions with respect to the use of the property in the Housing Authority Addition. Defendants' answer making the affirmative defense of waiver and abandonment and plaintiffs' replication specifically denying the asserted waiver and abandonment made a clear-cut issue of fact for decision by the chancellor. Although considerable evidence was adduced, defendants have elected not to incorporate a transcript of the testimony in the record filed in this court. In a memorandum captioned, "Findings and Conclusions of the Court," this statement appears, "The Court further finds that there has been no change in the character of the neighborhood, such as to defeat the purposes of the covenants and restrictions in the deeds or the plan and purpose of the Housing Authority as shown by the said Plat." In the absence of a report of trial proceedings, the presumption obtains that this finding of fact is supported by the evidence adduced.

Plaintiffs, in their briefs, assert "That even though the trial court in his findings and conclusions discussed only the naked legal nature of a restrictive covenant it in effect resolved the following issues in favor of the appellees [plaintiffs]." Among the issues alleged to have been decided by implication are that a zoning plan or a covenant restricting the use of property to residential purposes does not permit a church building to be erected thereon and does not permit religious services to be conducted in any building thereon and, further, that the enforcement of the restrictive covenant by the entry of the order assailed violated none of the constitutional rights guaranteed defendants by the constitutions of the State and the United States. Again, defendants say, "It is the position of the appellants

[defendants] that more fundamental issues were raised and argued in the trial of this cause than were mentioned in the findings and conclusions of the trial court. It is submitted that the true issue to be decided is whether a municipal corporation has the power, under the Constitution of this State and the Constitution of the United States, to act as the Housing Authority of Gallatin County has acted." Plaintiffs' complaint does not present any question involving the constitutional validity of a statute or the construction of either the Federal or State constitutions. The decree assailed does not even state, much less decide, any question of statutory construction, constitutional validity of a statute, or constitutional guaranties. No fairly debatable constitutional question having been urged in the trial court, the purported constitutional questions asserted for the first time in their briefs are not open to review. *People* v. *Brickey*, 396 Ill. 140; *Jenisek* v. *Riggs*, 381 Ill. 290; *Grutzius* v. *Armour and Co.* 377 Ill. 447.

We do not ignore the concluding averments of defendants' answer that, if plaintiffs be granted the relief sought, as they were, they, the defendants, and their successors in trust, will be discriminated against, in contravention of the first amendment to the Federal constitution and section 3 of article II of our constitution. The first amendment to the Federal constitution, to the extent relevant, ordains that Congress shall make no law respecting an establishment of religion, or prohibiting its free exercise. No act of Congress is in any way involved in this litigation. The constitution of this State guarantees forever the free exercise and enjoyment of religious profession and worship, without discrimination. From the pleadings it affirmatively appears that the Housing Authority provided areas for residence, business and, also, for church purposes and, indeed, conveyed property to the Church of God for use as a church. Under these circumstances, it cannot be said that a constitutional question guaranteeing the nondiscrim-

inatory exercise and enjoyment of religious profession is presented by the pleadings for decision. Defendants' assertion that the decree in favor of plaintiffs would transcend constitutional guaranties is merely a question going to the correctness of the judgment, and not a constitutional question. Where a judgment or decree is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, the question involved is the validity of the judgment or decree. *Chapralis* v. *City of Chicago,* 389 Ill. 269; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.

The decree of the circuit court of Gallatin County is affirmed.

*Decree affirmed.*