EDWARD J. MATTIS *v.* WILLIAM F. LALLY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

52

Argued May 1—decided June 26, 1951

*Edward Seltzer*, with whom, on the brief, were *Bernard J. Ackerman* and *Donald H. Clark*, for the appellant (defendant).

*Robert J. Pigeon*, with whom was *Robert F. Kahan*, for the appellee (plaintiff).

BALDWIN, J. This appeal presents the question whether a restrictive clause in a bill of sale of a barber shop preventing the seller from carrying on his trade

within a specified area is valid and enforceable. The court issued an injunction enforcing the restriction and the defendant appealed.

The claims of error in the finding are without merit. The facts can be summarized as follows: The defendant owned and operated in Rockville a business known as Lally's Barber Shop. In September, 1948, he sold the shop "together with all good will" to the plaintiff for $1500. The bill of sale contained the following restrictive clause: "The seller agrees in and for the consideration above named, that he will not engage in the barbering business for a period of five years from this date in the City of Rockville . . . or within a radius of one mile from Market Street in said City . . . either directly or indirectly on his own account or as partner, stockholder, employee or otherwise." The one-mile alternative was included because the limits of the town of Ellington were within a quarter of a mile of the location of the defendant's business. At the time of the sale, the defendant's condition of health was not good. He and his wife owned the four-family tenement house where they lived. The property was heavily incumbered with mortgages. Interest on these mortgages and the taxes were in arrears. The defendant was fifty-eight years old, had been a barber for forty years and was unfamiliar with any other kind of work. He was not an invalid, however, and was capable of doing some manual and physical labor. He opened a restaurant which proved unsuccessful. He gave it up and went to work for the plaintiff as a barber in his old shop. After working there about nine months he left in April, 1950, and set up a one-chair barber shop in his own home, which was not more than 300 yards from the shop he had sold to the plaintiff. There he has the patronage of old personal customers and the work is easier for him. His income is about what he received

when he was working for the plaintiff. His wife has carried on a small millinery business from their home to increase the family income. He recently purchased a new Plymouth car. After the defendant left the plaintiff's employ, the business of the plaintiff did not justify the hiring of another assistant except on Saturdays. He had to work harder and his net receipts were less. Upon these facts the court concluded that the business purchased by the plaintiff required the protection of the restrictive clause, that the clause worked no undue hardship upon the defendant and that the contract was valid and enforceable.

This is a contract in restraint of trade. The test of its validity is the reasonableness of the restraint it imposes. Restatement, 2 Contracts § 514; 5 Williston, Contracts (Rev. Ed.) § 1636; 3 Pomeroy, Eq. Jur. (5th Ed.) § 934a; 36 Am. Jur. 544, § 65. To meet this test successfully, the restraint must be limited in its operation with respect to time and place and afford no more than a fair and just protection to the interests of the party in whose favor it is to operate, without unduly interfering with the public interest. *Cook* v. *Johnson*, 47 Conn. 175, 176; Restatement, 2 Contracts §§ 515, 516(a); 2 Page, Contracts (2d Ed.) § 777; see *Mitchell* v. *Reynolds*, 1 P. Wms. 181, 24 Eng. Rep. 347; *United States* v. *Addyston Pipe & Steel Co.*, 85 F. 271, 279.

The plaintiff bought all the equipment in the defendant's shop "together with all good will." Good will in the sense here used means an established business at a given place with the patronage that attaches to the name and the location. It is the probability that old customers will resort to the old place. *People ex rel. A. J. Johnson Co.* v. *Roberts*, 159 N. Y. 70, 82, 53 N. E. 685. Having paid for "good will," the plaintiff was entitled to have reasonable limitations placed upon the activities of the defendant to protect his purchase. If

the plaintiff could hold the patronage of the defendant's old customers and secure that of others who might be looking for the services of a barber at the established location, he would be reasonably assured of carrying on the business profitably. If, however, the defendant should open up another shop in the immediate vicinity, it was to be expected that his old personal customers and others would seek his services. There is no finding that the barber shop before the sale to the plaintiff attracted customers from the entire area covered by the restriction except as that fact is implicit in the court's finding that the plaintiff's business required the protection accorded to it. If the fact was otherwise, the burden was upon the defendant to establish it. *Milaneseo* v. *Calvanese,* 92 Conn. 641, 642, 103 A. 841. The court correctly concluded that the limitations as to area and time were fairly and justly calculated to protect the business sold and that they were not unreasonable. *Styles* v. *Lyon,* 87 Conn. 23, 27, 86 A. 564; *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn. 515, 520, 12 A. 2d 780; *May* v. *Young,* 125 Conn. 1, 5, 2 A. 2d 385; *Roessler* v. *Burwell,* 119 Conn. 289, 294, 176 A. 126; Restatement, 2 Contracts § 516(a).

The defendant argues that this contract works an undue hardship upon him and therefore should not be enforced in equity. The court has found that the circumstances of the defendant's health and finances and the possibility that both might deteriorate in the future were known to him when he made the contract. The court found further that there was no possibility that the defendant and his wife would become public charges and that the defendant was not an invalid, although his health would be under less strain and the family finances improved if he could carry on his vocation as a barber in his home. The plaintiff, however, had purchased the business for a substantial considera-

tion and in good faith, relying upon the restrictive clause for protection. Equity under some circumstances will hold invalid contracts which are so broad in their application that they prevent a party from carrying on his usual vocation and earning a livelihood, thus working undue hardship. *Samuel Stores, Inc.* v. *Abrams,* 94 Conn. 248, 255, 108 A. 541; 5 Williston, Contracts (Rev. Ed.) § 1635. Those circumstances are not present in this case. The defendant may practice his vocation anywhere except in the limited area of one town and part of another. The rest of the state and the world is open to him. To excuse him from the performance of his agreement would amount to returning to him a large part of what he has sold and would work a real hardship on the plaintiff. Nor was there any unwarranted interference with the public interest. The public is not being deprived of the defendant's services as a barber except in the area where the plaintiff is offering the same kind of service. *Styles* v. *Lyon,* supra, 27; *May* v. *Young,* supra, 5. The court correctly held that the restriction worked no undue hardship upon the defendant and was not an unreasonable interference with the public interest.

The defendant's claims that the plaintiff failed to prove irreparable damage and that he had an adequate remedy at law are of no avail. Irreparable damage would inevitably result from a violation of the defendant's promises. 6 Page, Contracts (2d Ed.) § 3386.

There is no error.

In this opinion the other judges concurred.