THE LAMPSON LUMBER COMPANY, INC. *v.* MICHAEL CAPORALE ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, JS.

Argued December 2, 1953—decided February 2, 1954

*Morris Tyler* and *John H. Filer,* for the appellant (plaintiff).

*Curtiss K. Thompson,* with whom, on the brief, was *John H. Weir,* for the appellees (defendants).

QUINLAN, J.   This appeal involves the question whether a restrictive covenant in a warranty deed from the plaintiff to the named defendant is unreasonable and unenforceable.  From a judgment for the defendants, the plaintiff has appealed.

The deed contained the following restriction:

"Grantee agrees that this conveyance is made upon the understanding that the above described premises will not be used as a motor vehicle junk yard nor for the sales of used cars or parts nor for any other occupation usually deemed unwholesome, noxious or offensive and further, during such time as the Grantor or its successors and assigns shall be engaged on the adjoining premises now owned by it or any part thereof in the wholesale or retail lumber or building materials business, Grantee and his heirs and assigns shall not engage in a business that will compete or conflict therewith except that Grantee's engaging in the business of tile and floor covering, including the stocking of medicine cabinets, rubber tile, all kinds of floor covering, tile and tile fixtures, will not be in violation thereof."

The following additional facts were found: Prior to April 28, 1945, the named defendant and the plaintiff entered into negotiation for the purchase and sale of a portion of the land on Water Street in New Haven owned by the plaintiff adjacent to its place of business. For some time prior to that date the plaintiff had conducted a lumber and building materials business on the premises which were retained by it after the sale to the named defendant. The premises negotiated for were conveyed on April 28, 1945, by deed containing the above-recited covenants. The named defendant constructed, upon the land purchased, a building where he conducted the business of selling tile and floor covering, both under his own name and that of Acme Tile and Flooring, Inc., a family corporation. These two defendants are not engaged in the manufacture and assembly of windows at any location other than the premises purchased. The plaintiff does not carry on its business at any location other than 167 Water Street.

At the time of trial, the named defendant and the Acme corporation had started the manufacture of a special type of window that may be opened inward as well as up and down, to facilitate cleaning. With its machinery, the defendant Acme corporation would be able to produce any design of window and other mill-work. The plaintiff deals in standard windows, consisting of upper and lower sash and window frame, and special windows. The selling of special windows is a small part of the plaintiff's business. If a dealer required a window such as the defendants plan to make, he would buy from a manufacturer or distributor. Anyone to whom the defendants might sell their window would be a customer or potential customer of the plaintiff. Upon these facts, the trial court concluded that the covenant was an unreasonable restraint of trade and therefore invalid. In arriving at that conclusion, it interpreted the covenant as purporting to restrain the named defendant from engaging in a competing business any place in the world.

The first question presented, therefore, is one of interpretation of the covenant. Was it the intent that the named defendant should be restrained from engaging in a competing business anywhere or was it that he should be restrained from engaging in a competing business on the premises conveyed? "In determining the effect of a deed, as of a written contract, the inquiry must be, not what the parties intended, but what is the intent which is expressed in it. . . ." *Patzloff* v. *Kasperovich,* 116 Conn. 440, 441, 165 A. 349. The construction and legal effect of a deed cannot be changed or varied by reason of inconvenience to the parties or unreasonableness of the terms. *McGarrigle* v. *Green,* 76 Conn. 398, 403, 56 A. 609. The covenant is in one sentence and has all the

elements of a compound sentence, i.e., two or more principal sentences co-ordinated. In the first part, "the above described premises" (those conveyed) are referred to, and in the second part is found the clause, "during such time as the Grantor or its successors and assigns shall be engaged on the adjoining premises . . . Grantee and his heirs and assigns shall not engage. . . ." The very fact that the covenant is made binding upon the "heirs and assigns" of the named defendant manifests an intention to restrict the application of it to the particular property conveyed. From a reading of the covenant as a whole, it is clearly the expressed intent of the parties that the named defendant and his heirs and assigns should refrain from engaging in a competing business only on the property conveyed.

The test of the validity of the covenant is the reasonableness of the restraint imposed. Restatement, 2 Contracts § 514. "To meet this test successfully, the restraint must be limited in its operation with respect to time and place and afford no more than a fair and just protection to the interests of the party in whose favor it is to operate, without unduly interfering with the public interest." *Mattis v. Lally,* 138 Conn. 51, 54, 82 A.2d 155. As has already been pointed out, the restraint on the named defendant is limited as to space because it restrains him from carrying on a competing business only on the property which he purchased from the plaintiff. It is likewise limited as to time in that it is to continue only so long as the plaintiff or its successors and assigns operate its business upon the property retained by it. See *Natural Products Co. v. Dolese & Shepard Co.,* 309 Ill. 230, 231, 140 N.E. 840. There remains, therefore, the question whether it affords to the plaintiff more than a fair protection of its

interests or unduly interferes with the interest of the public.

We are concerned here with neither a contract between a vendor and vendee of a business nor one between an employer and employee. See *Samuel Stores, Inc.* v. *Abrams,* 94 Conn. 248, 108 A. 541. The covenant in the case at bar, while it savors of the former classification, pertains to a transfer of property with a restriction. Such covenants are usually sustained as being reasonable even though they may prevent competition and even though they involve no transfer of good will. Restatement, 2 Contracts § 516(b); 6 Corbin, Contracts, p. 496; 5 Williston, Contracts (Rev. Ed.) § 1642. Such restrictions on the use of real property are considered less likely to affect the public interest adversely than a restraint on the activities of individuals. 5 Williston, op. cit., p. 4604. Notwithstanding, there is still the obligation imposed by public policy, and that forbids unreasonable restraint. *Beit* v. *Beit,* 135 Conn. 195, 198, 63 A.2d 161.

The facts recited demonstrate that the properties of the parties were adjacent. It is fair to assume that the premises acquired by the named defendant would not have been sold without the restriction. It is also fair to assume that the price of the property sold was affected thereby, and certainly the restriction afforded protection to the property and the business of the plaintiff. To permit the named defendant to have the property free of the restriction would be inequitable. The covenant, as we have construed it, does not give any unfair protection to the plaintiff and does not unduly interfere with the interests of the public. It is, therefore, not against public policy. The pursuit of the defendants' special window enterprise may cover an extended territory. *Styles* v.

*Lyon,* 87 Conn. 23, 27, 86 A. 564. The restraint will run only to the premises conveyed and should prohibit a display of the defendants' special window on those premises. The situation resembles the factual situation in two cases, cited in the plaintiff's brief and referred to by Corbin and Williston, where covenants were held valid. *Hodge* v. *Sloan,* 107 N.Y. 244, 17 N.E. 335; *Hitchcock* v. *Anthony,* 83 F. 779, 780, 28 C.C.A. 80.

Our conclusion makes it unnecessary to correct the finding on the plaintiff's appeal, and such corrections as the defendants seek would not improve their position. The court was fully warranted in making the findings attacked by the defendants' bill of exceptions. The question on the admission of testimony assigned as error by the plaintiff was abandoned in argument.

If the named defendant is threatening a breach of the restrictive covenant, there can be no question that the plaintiff is entitled to an injunction restraining the breach, irrespective of whether the damage it will suffer is great or small. *Armstrong* v. *Leverone,* 105 Conn. 464, 472, 136 A. 71. The trial court disposed of the present case by concluding that the covenant was invalid, which made it unnecessary to pass upon the question whether the threatened acts of the defendants would constitute a violation of it. The court made no finding as to whether the manufacture and sale of the special windows upon the premises in question, as planned by the defendants, would compete or be in conflict with the plaintiff's business, nor are we able on the state of the record to add such a finding. For that reason, although we have determined that it was error for the trial court to conclude that the covenant was invalid, we are not able to direct a judgment for the issuance of an

injunction but must send the case back for a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.