This action seeks an injunction enforcing a restrictive covenant in an employment contract in which the defendant agreed not to engage in the real estate business within the town of Coventry and its vicinity for two years after the termination of the contract. The claim for damages was abandoned.
"If upon an inspection of the contract, it appears that the restriction as to time and space does not go beyond what is necessary for the protection of the other party to the contract, the contract upon its face is valid." Milaneseo v. Calvanese, 92 Conn. 641,642 (1918).
"In this case the burden was upon the defendant, in order to avoid the obligations of the contract, to set up in [her] answer some facts or circumstances whereby the contract became unlawful." Ibid. The defendant has properly assumed this burden in her pleading.
In oral argument concluding the trial, counsel narrowed the issues here to two: (1) the factual question of which party breached the contract and (2) whether the area included in the restrictive covenant was unreasonable as to size.
As to the question of fact, defendant's counsel conceded that she had begun a real estate business before the issuance of the preliminary injunction here, and intends to continue it unless prevented from doing so by action of this court. The evidence does not support a finding that any of the allegations *Page 337 
set forth in the special defense is established, and a breach of contract by the plaintiff is accordingly not shown to exist.
"This is a contract in restraint of trade. The test of its validity is the reasonableness of the restraint it imposes. . . . To meet this test successfully, the restraint must be limited in its operation with respect to time and place and afford no more than a fair and just protection to the interests of the party in whose favor it is to operate, without unduly interfering with the public interest." Mattis v. Lally,138 Conn. 51, 54 (1951); see Lampson Lumber Co.
v. Caporale, 140 Conn. 679, 683 (1954); TorringtonCreamery, Inc. v. Davenport, 126 Conn. 515, 519
(1940); May v. Young, 125 Conn. 1 (1938).
There is no unwarranted interference with the public interest. The public is not to be deprived of the defendant's services as a real estate agent except in the area where the plaintiff is offering the same kind of service. Mattis v. Lally, supra, 56;Lampson Lumber Co. v. Caporale, supra, 684.
Since the defendant is threatening, indeed, had begun, a breach of the restrictive covenant, "there can be no question that the plaintiff is entitled to an injunction restraining the breach, irrespective of whether the damage [he] will suffer is great or small." Lampson Lumber Co. v. Caporale, supra, 685. "The defendant's claims that the plaintiff failed to prove irreparable damage and that he had an adequate remedy at law are of no avail. Irreparable damage would inevitably result from a violation of the defendant's promises." Mattis v. Lally,
supra, 56.
The defendant claims the restriction as to place is too indefinite. At the trial, the plaintiff described his business as including the towns of Mansfield, *Page 338 
Willington, Tolland, Bolton, Andover and Columbia as well as Coventry, and this area appeared to be tacitly assumed by the parties as the restricted territory. See also the memorandum on the temporary injunction, which included all of these towns except Tolland. Coventry borders each one of the other towns named. Hence it would be difficult to imagine how they could be more closely in "its vicinity," as that phrase is used in the contract. See "vicinity," Webster's Third New International Dictionary (1961); 92 C.J.S. 1006. In Roessler v. Burwell,119 Conn. 289, 290 (1934), a contract of employment contained an agreement that in the event of its discontinuance the employee-salesman would not solicit the plaintiff's customers, the locality specified being "the towns of New Haven, West Haven, and other cities and towns in this State." It was held that this restrictive covenant was sufficiently definite. In a case of striking similarity to this one, Chandler,Gardner Williams, Inc. v. Reynolds,250 Mass. 309 (1924), the plaintiff bought out a business, contemporaneously executing an agreement to employ the defendant. The agreement provided, in part, that because the defendant was unfamiliar with the methods and details of the business, the plaintiff would have to devote considerable time to instructing him; that this would of necessity bring the defendant into personal contact with the plaintiff's patrons; that in consideration of the employment of the defendant by the plaintiff in this business, coupled with the stipulated compensation and other factors, the defendant would not enter into a competing business in the "City of Haverhill, Mass. and vicinity" for a period of ten years after the termination of the employment. The court held that each party had enforceable rights under the contract and there had been a change in the situation of the parties because of the contract and a partial performance of it; that the period of ten years was *Page 339 
not unreasonable; that one of the purposes of the contract was to protect the plaintiff's good will; that by using the word "vicinity" it was intended to include the territory in the neighborhood of Haverhill where the defendant might be in competition with the plaintiff; and that the words were not too indefinite to be enforced, nor as a matter of law too wide to be a reasonable restraint of trade.
In Timmerman (sic) v. Dever, 52 Mich. 34 (1883), the defendant sold his medical practice to the plaintiff (whose correct name is Zimmerman), agreeing not to practice medicine in the city of Hastings "and vicinity" for five years. Held: The extent of territory included in the term "vicinity" of the city must necessarily depend in a great measure on the size of the city, its location and its particular surroundings, and under the circumstances as they appeared in the record, the territory surrounding the city for ten miles was a reasonable limitation.
No issue was raised here as to the reasonableness of the time restriction of two years, nor could there be. Mattis v. Lally, supra (five years); TorringtonCreamery, Inc. v. Davenport, supra (two years);Lampson Lumber Co. v. Caporale, supra (so long as the plaintiff continues in the business); May v.Young, supra (two years); Roessler v. Burwell,
supra (one year); Chandler, Gardner Williams,Inc. v. Reynolds, supra (ten years); Timmerman v.Dever, supra (ten years). Since the restriction here confined itself only to that "vicinity" already held as a matter of fact to be limited to that in which the plaintiff operates his business; Mattis v. Lally,
supra; Torrington Creamery, Inc. v. Davenport,
supra; Roessler v. Burwell, supra; Chandler, Gardner Williams, Inc. v. Reynolds, supra; and in which the defendant had special knowledge of the business of the plaintiff; Torrington Creamery, Inc. *Page 340 
v. Davenport, supra, 520; it is not unreasonable in fact or law.
The defendant relies heavily upon Vick RealtyCo. v. Fassett, 15 Conn. Sup. 82 (1947), the only citation offered to the court by either party. It is not controlling here. Its restriction ran for five years, a period the court viewed as excessive for reasons listed. Also the area was deemed too broad, since the bulk of the plaintiff's sales were held to be concentrated in but one of the five towns included in the restriction. The authorities cited in the opinion were not decisions of the court of this state, and the theories contained therein receive no support from the later Connecticut citations contained herein. Only with the "greatest reluctance" did the court conclude the covenant unenforceable, since the result encourages repudiation of contracts.
Nesko Corporation v. Fontaine, 19 Conn. Sup. 160,166 (1954) is easily distinguishable by its own statement: "Should the restraint requested in this case be granted, noncontiguous and distant towns and cities, places wherein the defendant does not do business and have customers, nonneighboring towns to Waterbury in a considerable number and of great population, in ratio to our entire state, would be included." On the face of it, the converse of this exists in the present case. The decision in SamuelStores, Inc. v. Abrams, 94 Conn. 248 (1919), is based on a factual situation not paralleled here. "The defendant may practice his vocation . . . except in the limited area of one town and part of another. The rest of the state and the world is open to him. To excuse him from the performance of his agreement would amount to returning to him a large part of what he has sold and would work a real hardship on the plaintiff." Mattis v. Lally, supra, 56. While there was no sale of a going business here, as in theMattis case, to excuse this defendant from her *Page 341 
agreement would likewise return to her a large part of what she offered as consideration for the contract, namely, refraining from engaging in the business which the plaintiff agreed to teach her, in the specified area. It is fair to assume the contract would not have been made without the restriction. To permit the defendant now to have the benefit of that contract free of the restriction would be inequitable.Lampson Lumber Co. v. Caporale,
supra, 684.
"The underlying purpose of the defendant in entering into the agreement was to continue thereafter in the employment of the plaintiff at a mutually agreeable salary; the benefit offered him was such a continuance, in return for which the plaintiff was to receive his services and the benefit of the restrictive covenant in the agreement." Roessler v. Burwell,
supra, 293. "To permit a party who has voluntarily entered into such an agreement, for a valuable consideration perhaps in large part based on it, to escape the consequences of his acts, as is illustrated in this case, smacks of unfairness and savors of an encouragement to dishonesty." Beit v. Beit,135 Conn. 195, 199 (1948). "It can hardly be maintained that honesty in business is any less the concern of public policy than is restraint against competition." Id., 207.
The plaintiff has kept his bargain. Let the defendant do likewise.
 A permanent injunction shall issue enforcing paragraph 7 of the contract, enjoining the defendant from entering into business of soliciting persons to buy, sell, rent or lease real estate for a period of two years after 16 May 1961 within the towns of Coventry, Mansfield, Willington, Tolland, Bolton, Andover and Columbia or any of them.