[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR A TEMPORARY INJUNCTION
The plaintiff, Merryfield Animal Hospital, Inc., has brought this action against a former employee, Dr. Morgan Mackay, seeking to enforce a non-compete agreement which was part of the employment contract signed by CT Page 9690 both parties at the commencement of the defendant's employment. Before the court is the plaintiff's application for a temporary injunction. The court conducted an evidentiary hearing on June 27, 2002, at which both parties appeared with counsel.
The plaintiff is a professional corporation providing veterinary services. Dr. David Engstrom is the president of the corporation, man ages its affairs and is the only one authorized to speak for the corporation. It employs three veterinarians, one of whom is Dr. Engstrom, and approximately fifteen support staff. They all work at the animal hospital located at 625 Shepard Avenue, Hamden, Connecticut. This is the only facility operated by the plaintiff.
The defendant is a Canadian citizen who obtained his Bachelor of Science degree and his Doctor of Veterinary Medicine degree on Prince Edward Island, where he grew up. His first employment as a veterinarian was at a clinic on Prince Edward Island called Brundenell Animal Hospital. He was employed at Brundenell for four years. While there he treated cats, dogs, birds, reptiles, horses, cows, small sheep and swine. During his first year and a half he received training as a veterinarian. His wife, Lisa, is also a veterinarian. After four years at Brundenell they decided to seek employment in the United States. The defendant is licensed to practice veterinary medicine in Connecticut.
Dr. David Engstrom is a graduate of the University of Connecticut and obtained his Doctor of Veterinary Medicine degree at Cornell University in 1964. He immediately started working at Merryfield Animal Hospital with a Dr. Field. He has been at the same location since 1964 and is now the owner of the business.
While still living in Canada, the defendant came to the plaintiff seeking possible employment. The parties subsequently entered into a contract (Ex. 1) in the early spring of 2000. He started working for the plaintiff about May 15, 2000 on a one year contract. At the end of the first year the same basic contract, with some increase in compensation and vacation benefits, was signed on June 4, 2001. (Ex. 2). The term of the first contract was from May 15, 2000 for one year. The second contract commenced on or around May 1, 2001 and terminated on April 30, 2002.
On April 16, 2002, the defendant gave written notice to the plaintiff that he was resigning his position as a veterinarian effective two weeks from the date of the letter. Thus, the resignation was effective April 30, 2002, which was when the second employment contract expired. The letter gave no reasons for the resignation. Shortly after the defendant terminated his employment with the plaintiff; he obtained employment as a CT Page 9691 veterinarian at New Haven Central Hospital for Veterinary Services at 843 State Street, New Haven, Connecticut. New Haven Central provides veterinary services to the public, is located between six and seven miles from the plaintiff; and is in competition with the plaintiff.
In this action, the plaintiff is seeking a temporary injunction to enforce the following non-compete covenant which was paragraph six in both contracts. "The employee agrees that he will not own, manage, operate, control, be employed by, participate or be connected in any manner with the ownership, management, operation or control of any business or profession engaged in veterinary services during the term of this agreement and for a period of two (2) years after the termination thereof for any reason, within a seven (7) miles radius from any of the company's locations."
The law with respect to injunctive relief is well settled.
 "`A party seeking injunctive relief has the burden of proving irreparable harm and lack of an adequate remedy at law.'" Berin v. Olson, 183 Conn. 337, 340, 439 A.2d 357 (1981). The request for injunctive relief is addressed to the sound discretion of the trial court. Walton v. New Hartford, 223 Conn. 155, 165, 612 A.2d 1153 (1992). "In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction." Moore v. Serafin, 163 Conn. 1, 6, 301 A.2d 238 (1972). "The issuance of an injunction and the scope and quantum of injunctive relief rests in the sound discretion of the trier." (Internal quotation marks omitted.) Cummings v. Tripp, 204 Conn. 67, 90, 527 A.2d 230 (1987). "[T]he court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion." Walton v. New Hartford, supra, 165.
Tomasso Bros., Inc. v. October Twenty-Four, Inc., 230 Conn. 648 (1994).
 "Irreparable injury and lack of an adequate remedy at law are considered to be established by the nature of the threatened conduct where a party seeks to enforce a covenant not to compete. Lampson Lumber Co. v. Caporale, 140 Conn. 679, 685, 102 A.2d 875 (1954). Restrictive covenants are recognized as valuable business assets that are entitled to protection. CT Page 9692 Torrington Creamery, Inc. v. Davenport, 126 Conn. 515, 521, 12 A.2d 780 (1940). Loss of the benefits of compliance with such agreements is recognized as an irreparable injury, Mattis v. Lally, 138 Conn. 51, 56, 82 A.2d 155 (1951); since a party's actual injury is not, because of its nature, susceptible to determination." Musto v. Opticare Eye Health Centers, Superior Court, Complex Litigation Docket at Waterbury, Docket No. CV 99 00155663 (August 9, 2000, Hodgson, J.).
Also well settled is the law concerning the validity of employment restrictions.
 "Agreements by which an employee undertakes not to enter a competing business or employment on leaving his employer's service are reasonably necessary for the protection of the employer's business. Under such agreements parties obtain employment on certain terms which prevent them, on leaving that employment, from making use of knowledge which they acquired during that employment to the detriment of their employer. Middleton v. Brown, 47 L.J. Ch. 411, 412; 13 C.J. 485. When the character of the business and the nature of the employment are such that the employer requires protection for his established business against competitive activities by one who has become familiar with it through employment therein, restrictions are valid when they appear to be reasonably necessary for the fair protection of the employer's business or rights, and do not unreasonably restrict the rights of the employee, due regard being had to the subject matter of the contract and the circumstances and conditions under which it is to be performed."
May v. Young, 125 Conn. 1, 6.
 "Our Supreme Court has specified five areas in which the reasonability of a restrictive covenant must be evaluated: (1) the length of time the restriction is to be in effect; (2) the geographical area covered by the restriction; (3) the degree of protection afforded to the interest of the party in whose favor the covenant is made; (4) the restrictions imposed on the employee's ability to pursue his occupation; and (5) the potential for undue interference with the CT Page 9693 interests of the public. Scott v. General Iron Welding Co., supra.
New Haven Tobacco Co. v. Perrelli, 11 Conn. App. 638, 639.
The defendant, who claims that the non-compete clause is unenforceable, has the burden of proof. He claims that it should be unenforceable for two primary reasons. First he claims that the plaintiff materially breached the agreement and thereby relieved the defendant from his contractual obligation not to compete. The basis of the alleged material breach is that the plaintiff; during the two years of employment by the defendant, engaged in various inappropriate and unethical practices in the operation of the veterinary hospital. He offered considerable evidence in support of this claim. However, he conceded that, while he orally complained to Dr. Engstrom, he did not express these complaints in writing as provided by § 7(d) of the contract. At no time, until this litigation commenced, did he ever indicate, verbally or in writing, that he felt he was excused from his obligation not to compete because of the plaintiff's material breaches of his obligation to operate the veterinary hospital in a professional manner. He remained in his employment for the two year period, receiving all of the benefits under the two contracts, then voluntarily terminated by a letter that made no reference to the alleged material breaches. The plaintiff had fully performed all of the explicit terms of the contract, including compensation paid after the defendant left. The only obligation the defendant had at that point was contained in the noncompete covenant in paragraph six of the contract.
In response to the defendant's claim of a material breach of the contract, the plaintiff claims that the defendant, by his conduct in accepting all of the benefits under the contract has waived the alleged breaches by the plaintiff. The breach of an employment contract by an employer is a recognized defense to the enforcement of a non-compete agreement. See Heritage Benefits Consultants, Inc. v. Cole, Superior Court, judicial district of Waterbury, Docket No. CV 00 162270 (February 23, 2001, Rogers, J.) (finding that because employer materially breached employment contract, former employee not bound by terms of noncompete agreement); Custard Ins. Adjusters v. Nardi, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 98 0061967 (April 20, 2000, Corradino, J.); Van Dyck Printing v. DiNicola, supra,43 Conn. Sup. 191, 199.
"Waiver consists of the intentional abandonment or voluntary relinquishment of a known right." Statewide Grievance Committee v.Brown, 67 Conn. App. 183, 188, 786 A.2d 1140 (2001), cert denied,259 Conn. 919, 791 A.2d 568 (2002). Waiver "involves the idea of assent, CT Page 9694 and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct [consistent] with intention to [relinquish] . . . are sufficient. . . . Thus, [w]aiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Citations omitted; internal quotation marks omitted.) Id.
There appears to be no case using Connecticut law that concerns the waiver of a material breach of an employment agreement by the employee's act of continuing to receive all of the benefits of the contract after an alleged material breach by the employer. However, in the case of CustardIns. Adjusters v. Nardi, supra, while applying Massachusetts law in a case similar to the instant case, Judge Corradino found that despite the employer's breach of the contract, the non-compete covenant was still enforceable. He held that when an employee is fully aware of a breach of the contract by the employer but continues in his employment and accepts all of the benefits to which he is entitled, he cannot thereafter claim that material breach as a basis for making the non-compete covenant unenforceable.
In the instant case the defendant was fully aware of the alleged breaches by the plaintiff from the onset of his employment and continuing for two years. His acceptance of all the benefits of his contract without ever stating, orally or in writing, that he would not be bound by the non-compete covenant constitutes a waiver of his right to now make that claim.
The second claim by the defendant is that the non-compete covenant is overly broad in that it provides an unreasonable amount of protection to the plaintiff at the expense of the defendant and in that it interferes with the public interest. The court is of the opinion that two years, and seven miles, as provided in the agreement are reasonable, and in view of the numerous veterinary offices that the present employer of the defendant operates outside the seven mile radius, the agreement does not unreasonably restrict the defendant's ability to pursue his occupation. Nor will the restrictions unreasonably interfere with the public's interest merely because the defendant is not allowed to be employed by or connected with any entity engaged in veterinary services for a two year period within seven miles of the plaintiff's location. The interests of the public are adequately provided for in view of the fact that there are at least five offices providing veterinarian services within the seven mile area. The evidence did not show that there was anything unique about the defendant's services so that his absence from practice in the area and time proscribed would adversely affect the public's interest. However, the claim by the defendant that the non-compete covenant affords CT Page 9695 a greater degree of protection to the plaintiff than is reasonable has merit.
The plaintiff is seeking a temporary injunction ordering the defendant to comply with the specific provisions of the restrictive covenant, not merely to enjoin him from working for his present employer. The application for temporary injunction alleges that the restrictive covenant is narrowly drawn in temporal scope, geographic scope and prohibited conduct. As stated above, the court finds that the restrictions are reasonable with respect to time and area. However, the court is of the opinion that the restriction on the defendant's conduct is overly protective of the plaintiff's interests.
The defendant objects to any effort on the part of the court to "blue pencil" the restrictive covenant, pointing out that the covenant has no provision allowing this process. See Beit v. Beit, 135 Conn. 195. The plaintiff has not claimed that the court can or should attempt to alter the covenant so as to make it enforceable, and therefore the court will not make that determination.
It is conceded that the non-compete covenant was prepared by Dr. Engstrom on behalf of the plaintiff and that the defendant had no role whatsoever in the preparation. Therefore, the contract must be construed against the plaintiff and required the court to construe it by giving the language used its natural and ordinary meaning. See Sturman v. Locha,191 Conn. 1 (1983).
 "In assessing the reasonableness of a covenant not to compete in the employment context, each case must be assessed on the totality of its circumstances . . . . except that a stricter test of reasonableness is generally applied in employment — covenant cases than in sale — covenant cases. Courts consider the . . . . reasonableness of the covenants restrictions as to the scope of the activity which is prohibited. Custard Insurance Adjusters v. Nardi, supra.
There is no ambiguity or doubt about what the covenant prohibits the defendant from doing. It is not limited to preventing the defendant from practicing veterinary medicine. For the time and area described he cannot "own, operate, control, be employed by, participate or be connected in any manner with the ownership, management, operation or control of any business or profession engaged in veterinary services. . .". He is barred not only from practicing veterinary medicine or providing veterinary services, but in addition he cannot have any connection to any entity CT Page 9696 that is engaged in veterinary services.
Dr. Engstrom testified that there were many different professions within the veterinary field. Yale has at least twelve veterinarians who do research, every major pharmaceutical company has veterinarians as some type of researcher, the armed forces do research into pathology, at every university there is a veterinarian, at almost every large hospital there is a veterinarian. While there was no direct testimony with respect to whether any of those entities are located within seven miles of the plaintiff; an examination of Exhibit 4 shows that Yale University, the Hospital of Saint Raphael, Yale-New Haven Hospital and four offices operated by New Haven Central all are located within the seven miles. These are all engaged in veterinary services, and the non-compete covenant prevents the defendant from any connection whatsoever with any of them for two years.
Criteria (3) as set forth in New Haven Tobacco v. Perelli, supra, 639 requires that the restrictive covenant cannot provide an unreasonable degree of protection to the interest of the party in whose favor the restriction is made, in this case the plaintiff. Perelli, also holds that a finding that any one of the five criteria is unreasonable would invalidate the noncompete covenant.
The literal meaning of the covenant with respect to conduct bars the defendant from any job with any entity providing veterinary services even though the nature of his employment is such that it is in no way in competition with the plaintiff. That restriction is so broad that it is not reasonably necessary for the fair protection of the plaintiff's business.
For the foregoing reasons, the court finds that paragraph six of the contract (Ex. 2) affords a greater degree of protection to the plaintiff than is reasonably necessary, and therefore the non-compete covenant is unenforceable.
The application for a temporary injunction is denied.
William L., Hadden, Jr. Judge Trial Referee