CLYDE C. HARTZELL
vs.
ACME WIRE COMPANY

Superior Court      New Haven County      File #28734

Present:   Hon. JOHN RUFUS BOOTH, Judge.

Bernard Greenberg;
George W. Crawford,      Attorneys for the Plaintiff.

Wiggin & Dana,      Attorneys for the Defendant.

**MEMORANDUM FILED NOVEMBER 9, 1937.**

BOOTH, J.   In the above entitled case the parties have agreed that the costs as taxed by the clerk are correct in so far as they extend.   The plaintiff, however, moves the Court for a further allowance by way of costs.   The basis of this motion is found in **Section 2271 of the General Statutes** and the portion thereof which is applicable thereto reads as follows:

"In difficult or extraordinary cases in the superior court, where a defense has been interposed, the court may, in its discretion, make a further allowance to the prevailing party, not to exceed one hundred dollars."

That the case was in the Superior Court, that a defense was interposed and that the plaintiff was the prevailing party there-

in there can be no question for these facts are obvious from the record. If then it can truthfully be said that the case was difficult or extraordinary the Court would be justified in making the further allowance requested in the plaintiff's motion, otherwise it would not. The action was primarily one in debt which while not extraordinary in form was under the circumstances one most difficult of preparation and presentation. The pleadings were unusually voluminous for an action of its type and aside from many days consumed in hearings before a committee upon the issues of a motion for disclosure and the main issues of the case, its final trial before the Court consumed about forty trial days and involved the presentation of some fourteen thousand exhibits. While it is true as claimed by the defendants the plaintiff prevailed upon but one of his three claims and while this claim was insignificant in amount when compared with the others, the attitude of the defendant respecting it compelled the plaintiff to expend an unusual amount of time and effort in order to properly present it. While ordinarily the presentation of a claim of this description would probably furnish no proper basis for a conclusion that it was difficult, the presentation of the particular claim under the particular circumstances and conditions of the instant case leads to a contrary conclusion. It is therefore found that all of the elements provided for in the aforesaid statute are based upon facts which justify the allowance sought.

It is accordingly ordered that a further allowance by way of costs be made the plaintiff in the amount of one hundred ($100.) dollars.