[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 27, 1990, the plaintiff, Federal Home Loan Mortgage Corporation (hereafter "FHLMC"), filed a one count complaint on a promissory note executed by Richard Crafts and CT Page 9761 his wife, Helle Crafts, and currently owned by the plaintiff. According to the first paragraph of the complaint, Richard Crafts and Helle Crafts were indebted to the Banking Center n/k/a Centerbank in the sum of $50,600.00 as is evidenced by their promissory note for said sum dated May 21, 1976. To secure payment of the promissory note, Richard and Helle Crafts mortgaged to the Banking Center n/k/a Centerbank a certain piece or parcel of land situated in the Town of Newtown, County of Fairfield and State of Connecticut, and known and designated as 5 Newfield Lane. On April 18, 1990, Centerbank assigned its interest in the note and mortgage to the plaintiff.
After Centerbank assigned its interest to the plaintiff, the plaintiff filed the present complaint against Richard Crafts (hereafter "Crafts"), and Karen Carter Rodgers (hereafter "Rodgers"), the Executrix of the Estate of Helle Crafts, who died on January 13, 1987, and the guardian of her three minor children, Andrew Lorck Crafts, Thomas Bunel Crafts and Kristina Nielson Crafts. The complaint was filed because the installment of the principal and interest due on November 1, 1989 and each and every month thereafter have not been paid, and the Plaintiff has exercised the option to declare the entire balance due on the note, due and payable. According to the prayer for relief, the plaintiff seeks, inter alia, payment of all sums due and owing, foreclosure of said mortgage and a deficiency judgment.
On November 29, 1990, Rodgers filed an answer and eight special defenses, three of which have been abandoned. In the first three special defenses, Rodgers alleges that the present action is barred by General Statutes, Sec. 45-205 (now45a-395), which bars a claim that is not presented to an estate in accordance with the provisions thereof, and 45-210 (now45a-402), which bars a cause of action that is not commenced within four months of an estate's disallowance of a claim. In the fifth special defense, Rodgers attacks the mortgage assignment from Centerbank to FHLMC:
 "The assignment of the note and mortgage deed to Federal Home Loan Mortgage Corporation is void as violating Title 12 United States Code, Sec. 1452 and its regulations in that (1) the loan was not of the class permitted to be purchased by FHLMC because it was in default when purchased and (2) security was taken on a single CT Page 9762 family home not the primary residence of the mortgagor."
Finally, in the eighth special defense, the defendant alleges that the action should be stayed pending the outcome of litigation between Karen C. Rodgers vs. Richard Crafts, Docket No. 0293694, in which the interest of the owners of equity are in dispute and the validity of the mortgage of Lucretia Crafts is in dispute.
On July 2, 1991, Crafts filed an answer thereby closing the pleadings, and the plaintiff thereafter filed a motion for summary judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book, Sec. 384; Lees v. Middlesex Ins. Co., 219 Conn. 644,650. The party moving for summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law.'" Mingachos v. CBS, Inc., 196 Conn. 91, 111.
"`However, since litigants ordinarily have a constitutional right to have issues of fact decided by a jury; Ardoline v. Keegan, 140 Conn. 552, 555 . . . ; the moving party for summary judgment is held to a strict standard . . .' of demonstrating his entitlement to summary judgment." Kakadelis v. DeFabritis, 191 Conn. 276, 282, 464 A.2d 57 (1983). To satisfy this burden, the movant must show that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. State v. Goggin, 208 Conn. 606, 616. Therefore, the test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts. Wilson v. New Haven,213 Conn. 277, 279. As a result, when deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. Catz v. Rubenstein, 201 Conn. 39, 49.
In support of the motion for summary judgment, the plaintiff submitted the affidavit of Ralph D. Gerardi, a CT Page 9763 foreclosure and REO manager of Centerbank, a copy of the promissory note, a copy of the mortgage, and a memorandum of law. The affidavit and the copies of the promissory note and mortgage show that Richard Crafts and Helle Crafts are in default on the promissory note, which is currently owned by the plaintiff and secured by the mortgage deed. The plaintiff has met the initial burden of proving that the defendants are indeed in default. However, to reiterate, Rodgers has advanced eight special defenses. In response to the eight special defenses, the plaintiff argues, by addressing each special defense in its memorandum of law, that the various special defenses of Rodgers are without merit and do not raise any issues of material fact in connection with the foreclosure and that plaintiff is entitled, as a matter of law, to judgment in its favor on its complaint.
In response to the first three special defenses, the plaintiff argues that a claim for foreclosure is not the kind of claim contemplated by the statute. In addition, the plaintiff, citing Breen v. Phelps, 186 Conn. 86, argues that a deficiency judgment claim is a contingent claim, and contingent claims are exempted from the statute. Although it is not essential for a mortgagee to present a claim to the administrator of the estate of his mortgagor in order to enforce his interest in the mortgaged property, his right to recover on the mortgage note is barred unless a claim has been presented. Connecticut National Bank v. Kenny, 5 CSCR 330, 331
(April 30, 1990, Axelrod, J.), quoting Padula v. Padula,138 Conn. 102, 106; see also Sherwood v. Bridgeport, 123 Conn. 348,351. "The term `claim' as used in our statutes, includes not only debts already due and payable but unmatured debts, for these are nevertheless existing obligations and capable of proof." Roth v. Ravich, 111 Conn. 649, 652.
 "In summary, as far as the Statute of Nonclaim is concerned, Section 45-205, this Court holds that it is not necessary to present a judgment lien to an executor in order to have the right to foreclose on that lien, but it is necessary to present the claim to the executor in order to have the right to recover any assets from the estate of the decedent including a deficiency judgment."
Connecticut National Bank v. Kenny, supra. It necessarily CT Page 9764 follows that the plaintiff is not entitled to judgment as a matter of law because the plaintiff seeks summary judgment with respect to the entire prayer for relief, which includes a request for a deficiency judgment. (Emphasis supplied.) Although the first three special defenses provide a basis for denying the motion, a discussion of the remaining special defenses will provide an overview of the issues remaining for trial.
In its memorandum of law, the plaintiff addressed the fourth special defense, as well as the sixth and seventh special defenses; however, those defenses are considered abandoned since Rodgers did not pursue them in her memorandum of law. In re Noel M., 23 Conn. App. 410, 420 n. 4, citing Adams v. Rubinow, 157 Conn. 150, 168. In response to the fifth special defense, the plaintiff argues that nothing in 12 U.S.C, Sec. 1452 prevents FHLMC from purchasing a residential mortgage that is in default, nor one that is not the primary residence of the mortgagor. However, the plaintiff does not support this allegation with an affidavit, a citation, or other documentary proof to show that the FHLMC was authorized to purchase the instant mortgage. It simply recites that the FHLMC Act's purpose is to provide stability in the secondary market for home mortgages and to respond appropriately to the private capital market, and to provide ongoing assistance to the secondary market for home mortgages.
On the other hand, the defendant cites Title12 U.S.C. § 1454(a) which is entitled, "Authority for purchase and sale; residential mortgages; conventional mortgages terms and conditions of sale or other disposition; lending activities." Section 1454(a) provides that the operations of the Corporation under this section shall be confined so far as practicable to residential mortgages which are deemed by the Corporation to be of such quality, type, and class as to meet generally the purchase standards imposed by private institutional mortgage investors. The plaintiff alleges that the assignment was invalid because the instant mortgage was not of such quality, type, and class as to meet generally the purchase standards imposed by private institutional mortgage investors and, more particularly, those purchase standards imposed by the FHLMC.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. CT Page 9765 Borkowski, 206 Conn. 495, 500. The trial court is also limited to considering the pleadings, affidavits and other documentary proof submitted by the parties when determining whether there is an absence of all material issues, thereby entitling the movant to judgment as a matter of law. Orticelli v. Powers,197 Conn. 9, 15. In applying the principles, the court finds that a genuine issue of material fact exists concerning whether or not the FHLMC was authorized to purchase the instant promissory note and mortgage, and therefore whether the assignment from Centerbank to FHLMC was valid.
In response to the eighth special defense, the plaintiff argues that enforcement of a prior mortgage should not be delayed by any controversy among subsequent and subordinate encumbrances.
 "If the foreclosing mortgagee does not desire to have a foreclosure by sale, but prefers a strict foreclosure, the court, in its discretion, may proceed to the foreclosure, pending a determination of the priorities among the subsequent encumbrancers. In case a subsequent encumbrance is disputed, the judgment should not contain a provision vesting title in such encumbrancer in case of redemption by him. The determination of whether to proceed with foreclosure or wait until the priority and validity of subsequent encumbrances are determined, rests in the discretion of the court, and would be dependent upon the state of the security. If the security is ample, and no loss can accrue to the mortgagee by being compelled to wait until questions affecting subsequent encumbrances are determined, the court may follow that course. If, however, it appears doubtful whether the security is sufficient; or, if otherwise, hardship would result to the foreclosing first mortgagee by reason of delay, the court may decree foreclosure, leaving the subsequent encumbrancers to litigate the validity and priority of their respective encumbrances among themselves, in case of redemption by one of them."
New Milford Savings Bank v. Lederer, 112 Conn. 447, 451. It CT Page 9766 cannot be seriously disputed that the court has the discretion to stay the present proceeding until the validity and priority of subsequent encumbrances are determined.
Finally, Crafts, in his opposing memorandum of law, argues that a genuine issue of material fact exists because Rodgers and the plaintiff created a new and altered mortgage agreement to which defendant, Richard B. Crafts, was not a party. Therefore, the original mortgage instrument negotiated in 1976 is not the same instrument which was in effect in 1990 when this action was brought. It is unclear whether the defendant is alleging that the original mortgage instrument was improperly altered or modified, or whether the parties to the contract entered into a novation whereby Karen Carter Crafts Rodgers assumed responsibility for mortgage payments on April 1, 1988. However, although the exact nature of the defendant's allegation is unclear, novation is a term usually used to refer to instances in which a new party is introduced into a new contract. Mace v. Conde Nast Publications, Inc., 155 Conn. 680,688. Whether this constitutes a discharge of the primary obligation is a question of fact. Mack v. Conde Nast Publications Inc supra, 688-89. A claim of novation will defeat a motion for summary judgment. Tidewater Oil Co. v. Murphy Motors, Inc., 4 CC. 160, 163. Meriden-Wallingford Hospital v. Hewett, Superior Court, Judicial District of New Haven at Meriden, Docket No. CV89-0234423 (November 19, 1991). The plaintiff has not responded or addressed these allegations in its motion for summary judgment and supporting memorandum. A genuine issue of material fact exists with respect to the defendant's liability on the original mortgage instrument.
The motion for summary judgment is, accordingly, denied.
MORAGHAN, J.